## JONES *against* THE PHŒNIX BANK and others.

Where moneys had been obtained from several banks by forgeries, and they offered a reward of $5000 for the apprehension of the forger and the recovery of the moneys, or a proportionate amount for any part thereof, both the apprehension of the forger and the recovery of the moneys are conditions precedent to the payment of the reward. *Taggart, J.*, dissenting.

Where one in his minority submitted a claim to arbitration, and on an award being made in his favor and paid to his guardian, his receiving the money from his guardian after his attaining his full age is an affirmance of the submission, and will bar the claim.

Under such circumstances, the omission to enforce the original claim for two years after his arrival at full age, is an acquiescence in the submission and award.

This was an appeal from a judgment of the superior court of the city of New York. In September, 1843, the sum of $29,000 was obtained from the defendants, ten different banking corporations in the city of New York, upon checks forged by one Henry Saunders, jr., in the name of Austin, Wilmerding & Co. The defendants offered a reward in the words following:

Jones *against* The Phœnix Bank.

## " EXTENSIVE FORGERIES.
### $5000 REWARD.

The following forgeries having been perpetrated on several banks in this city, as stated below, the undersigned have been authorized, on behalf of said banks, to offer a reward of five thousand dollars for the apprehension of Henry Saunders, jr., to whom the said checks were paid, and the recovery of the money, or a proportionate amount for any part thereof.

The checks all purported to be signed by Austin, Wilmerding & Co., and were paid principally in notes of $1000 each of the respective banks upon which they were drawn, except that of the Seventh Ward Bank, which was paid in notes of $100 and $50.

| | |
|---|---:|
| City Bank, | $5000 |
| American Exchange Bank, | 3000 |
| Bank of America, | 3000 |
| Merchants' Bank, | 3000 |
| Manhattan    " | 1000 |
| Union    " | 3000 |
| Bank of Commerce, | 2500 |
| State Bank, | 500 |
| Phœnix Bank, | 5000 |
| Seventh Ward Bank, | 3000 |
| | $29,000 |

The person to whom the checks are known to have been paid, is apparently about 16 or 17 years old, florid complexion, reddish or light auburn hair, about 4 feet 9 or 10 inches high, nose long and turned up a little at the end, a small scar on the end of the nose, handsome address and well spoken.

J. J. PALMER, Pres't Merchants' Bank.

D. HADDEN, Vice Pres't American Ex. Bank.

N. G. OGDEN, Cashier Phœnix Bank,

*Committee.*

New York, 5th September, 1843."

The mother of the plaintiff had received from a negro woman a package of bank notes which contained $25,475·94, part of the $29,000, with a request to take care of it for her. She was apprehensive that there was something wrong about it, and told her son, the plaintiff, then a lad of 17 years old, to run and tell a lawyer that she was acquainted with. He at once went and informed the president of the Merchants' Bank and Mr. Austin, and they came and received the money. Saunders at the time was not arrested. There were other claimants for the reward, and it was agreed by all, to submit their claims to the arbitrament of the late chancellor Kent. He made his award November 14, 1843, by which he directed $1000 to be paid to the plaintiff, and the balance to be paid over to the other claimants. This sum was paid to the guardian of the plaintiff, upon his receipt of the sum in full. After the plaintiff arrived at full age he had an accounting with his guardian concerning the $1000 so received, and under his hand and seal released and discharged him therefrom. Subseqently to this, and after he had been of full age for about two years, he commenced this action, claiming to recover such proportion of the $5000 reward offered, as the sum recovered bore to the $29,000 obtained by the forgeries, deducting the $1000 paid to his guardian.

The complaint set out the obtaining the money by the forgeries, the offer of the reward, the discovery by the plaintiff of the $25,475·94, and its recovery by the defendants, and alleged that he was entitled to $4,392·40 as his proportion of the reward, less the $1000 received. The answers admit the recovery of the money, but allege that the plaintiff had no agency in the arrest of Saunders, and that he was entitled to but a small part if any of the reward: state the claims of the various claimants for the reward, the arbitration, the award and payment of the moneys under it to the plaintiff's guardian, and the accounting between the plaintiff and his guardian. The plaintiff, by his reply, admitted the arbitration, but alleged that

when he submitted to it he was a minor, had no guardian to advocate his claim, and that he was not bound in law by it: he also admitted that he had since his majority cited his guardian to account before the surrogate of New York, and that shortly afterwards he had an amicable settlement with him in relation to the $1000 received by him, and that he gave him a release of all claims; but he averred that the settlement had no reference to his claim in this action, and that at the time of the settlement he had fully determined by due process of law to recover the balance of the reward against the defendants. He also admitted that for the period of two years after his arriving at full age he made no claim against the defendants for the balance of the reward.

The action was tried before Mr. Justice SANDFORD in April, 1850. After the facts above stated were shown by the pleadings and proofs the plaintiff rested. The counsel for the defendants then moved for a nonsuit, on the ground that the reward offered, was for the arrest of Saunders *and* the recovery of the money. The court granted the motion and ordered a nonsuit to which the plaintiff excepted. The court at a general term affirmed the judgment, and the plaintiff appealed to this court.

*P. Y. Cutler* for the appellant. The fair import and meaning of the reward is, $5000 for the recovery of the whole of the money, or a proportionate amount for any part thereof. It is manifest that the defendants merely contemplated the recovery of the money. That was the principal object in view. The apprehension of Saunders was only sought as the means of recovering the money. The agreement was to pay " a proportionate amount for any part thereof;" that is, for any part of the money. If nothing was to be paid unless Saunders was apprehended, then the expression " or a proportionate amount for any part thereof," is without meaning. In construing this agreement, the true intent and meaning of the parties is

to be derived from the whole instrument, and such a construction must be given as will render it operative, and the court should revert to the extrinsic circumstances of the case, and place itself in the situation of the parties whose language it is about to construe. If the intention of the parties be doubtful, that construction is to be adopted which is most beneficial to the covenantee. (*Marvin* v. *Stone*, 2 *Cow. Rep.* 781; *Archibald* v. *Thomas*, 3 *ib.* 284; *Hasbrook* v. *Paddock*, 1 *Barbour S. C. R.* 635; *Rogers* v. *Kneeland*, 10 *Wendell R.* 218; 1 *Powell on Cont. p.* 221, *Am. Ed.*

*E. Van Winkle* for respondent.

JOHNSON, J. The only question presented to us in this case, relates to the right of the plaintiff to recover under the offer of a reward made by the defendants. They offer a reward of $5000, for the apprehension of Henry Saunders, Jr., and the recovery of the money, or a proportionate amount for any part thereof. It is contended on the part of the plaintiff, that the last clause of the offer " a proportionate amount for any part thereof," may be disconnected from the clauses which precede it so as to entitle the party who recovered a portion of the money to a proportionate part of the reward, even though the apprehension of Saunders was not accomplished. If this be so, then the necessary construction of the preceding part of the offer is that if Saunders be apprehended, and the whole of the money be recovered, $5000 is to be paid, but if the whole money should be recovered without the apprehension of Saunders, no part of the reward would be earned while for the recovery of only part of the money, a proportionate part of the reward would be due. I think this absurd result shows that the construction contended for can not be correct. The natural and obvious construction of the offer is, that that the apprehension of the offender coupled either with a complete or partial recovery of the money,

entitles the party to the whole or a part of the reward according to the amount of the money recovered. But neither the apprehension of the offender alone, nor the recovery of the money or any part of it alone, comes within the terms of the offer.

This offer is a little more definite than that in *Thatcher* v. *England*, (3 *C. B.* 254.) To come within its terms, the party or parties plaintiff must be able to aver a compliance with them: that he or they did apprehend or procure or cause the apprehension of Saunders, and recover or procure or cause the recovery of the money or some part of it. This plaintiff was not able to bring himself within these terms, and was therefore rightly nonsuited. What the result might be with other parties united as plaintiffs, each having performed some part of the conditions, and all together having performed all the conditions of the offer, it will be time enough to consider when such a case is presented. The judgment must be affirmed with costs.

TAGGART, J. I think the reasons assigned for the nonsuit in this action were unsound. The defendants offer a reward of $5000 for the apprehension of Henry Saunders, Jr., and the recovery of the money *or a proportionate amount for any part thereof.*

The counsel for the defendants moved for a nonsuit on the ground that the reward offered was for the arrest of Henry Saunders, Jr., *and* the recovery of the money; that is that the reward was not payable except upon the happening of both events. In other words, that the person who arrested or caused to be arrested the forger was not entitled to the reward, and the person by whom or by whose means the money was recovered was not entitled to the reward or any part thereof.

I have no doubt that the correct grammatical construc tion of the publication is in strict accordance with the grounds assumed on the motion for a nonsuit and the decision made on granting such motion; but is that the

SEL. IV.—30

legal construction? How is the reward to be divided in case of the arrest of the forger and the recovery of part of the money? What proportion will it bear to the whole amount: what does " a proportionate amount" mean, what part of the reward is payable on the arrest of the forger, if any, it is not necessary to decide and it is equally unnecessary to determine what proportion of the reward the discoverer of half or the whole of the money is entitled to. I think the reward or some part of it is payable on the recovery of the money to the person or persons through whose instrumentality the same was recovered. If I am right in this opinion the reason assigned for the nonsuit was not a valid one.

But may not the decision of the judge be sustained on other grounds ? It appeared by the pleadings that the several claimants of the reward have submitted the matter of deciding who was entitled to the same to arbitration. The arbitrator awarded one thousand dollars to the plaintiff as his share of the offered reward The plaintiff at that time was an infant and did not and could not consent to the arbitration. Subsequent to the making the award by the arbitrator, a guardian was duly appointed for the plaintiff who received the amount awarded to him and applied it to the plaintiff's use. After the plaintiff arrived at the age of twenty-one years, he cited his guardian before the surrogate to settle the matter of his guardianship, and the receipt and disbursement of the thousand dollars awarded to him, and has had an accounting with his guardian of and concerning the $1000, and under his bond and seal has released and discharged his guardian from all claims and demands against him as such guardian.

The plaintiff then after he arrived at full age acquiesced in and sanctioned the arbitration, received the proceeds of the award, and thereby debarred himself of the right to question either the submission or the award made under and in pursuance of it. If the plaintiff intended to insist upon the whole reward, as he has done in this action, he

should have refused, after he became of age, to recognize in any way the award made by the arbitrator. It was his duty to decline the receipt of that money and insist upon his original claim. But he first received the $1000 with a mental reservation to present this claim. Neither law nor equity will allow the plaintiff both remedies. If he takes the award he take sit in full, and as an absolute and unqualified discharge of any other claim. Had he refused the award, he might sue for the reward to which he was entitled, but he can not have both.

His averment in the reply that the settlement with his guardian had no reference to the claim in this suit, nor was the same in any way released, discharged or affected thereby, was an averment of a legal conclusion against a previously admitted fact, and such conclusion being erroneous can not avail him. The further answer that at the time of such settlement he had fully determined to proceed by due process of law against the defendants to recover the balance of the reward, is equally unavailable. Had he already proceeded to recover the balance instead of being determined to do so, and then settled with his guardian and received the $1000, such settlement and receipt might have been interposed as a bar to the further prosecution of the action, and a recovery defeated thereby.

The case of *Delano* v. *Blake* (11 *Wend.* 85) is not so strong a case of positive affirmance of a proceeding as this. In that case there was a mere acquiescence by neglect. The plaintiff received a note in part payment for his labor. At the time he received the note he was an infant. He kept the note eight months after he became of age, and then tendered it back to the defendant and demanded payment for his work, the maker of the note having become insolvent. It was held that the retaining of the note by the infant after he became of age for that length of time, was a ratification of the contract, and he could not recover for his work. In the case now under consideration the plaintiff previously affirmed the submission to arbitration and

the award made thereon. There, was something more than acquiescence. Judgment should, therefore, be affirmed on this ground. My brethren think it should be affirmed on the first ground as well as this.

All the other members of the court were of the opinion that the nonsuit was properly ordered for the reason contained in Judge Johnson's opinion, and that the judgment should also be sustained for the reasons contained in Judge Taggárt's opinion.

Judgment affirmed.