## ABRAM FITCH ET AL., APPELLANTS, v. ADRASTUS SNEDAKER, RESPONDENT.

*Contract—Offer of Reward—Information given before offer—Assent.*

Where the Defendant offered a reward " to any person or persons who will give such information as shall lead to the apprehension and conviction of the person or persons guilty of the murder of a certain unknown female," such reward is not payable to one who never saw the offer until after the apprehension of the criminal, and who did nothing to promote such apprehension after the offer of reward was made, notwithstanding the apprehension was effected in consequence of information given by him before the reward was offered, and notwithstanding, also, he was active in procuring and giving evidence and communicating facts to the prosecuting officers after such apprehension, and on the trial, in the hope and expectation of receiving such reward.

Such an offer proposes compensation for what shall be done thereafter, not for what has been done already; and unless information be *thereafter* given which leads to both apprehension and conviction, the reward is not payable.

WOODRUFF, J.—On the 14th of October, 1859, the Defendant caused a notice to be published, offering a reward of two hundred dollars " to any person or persons who will give such information as shall lead to the apprehension and conviction of the person or persons guilty of the murder of a certain unknown female."

On the 15th day of October, before the Plaintiffs had seen or heard of the offer of this reward, one Fee was arrested and put in jail; and though not in terms so stated, the case warrants the inference, that by means of the evidence given by the Plaintiffs on his trial, and their efforts to procure testimony, Fee was convicted.

This action is brought to recover the reward so offered. On the trial, the Plaintiffs proved the publication of the notice, and then proposed to prove that they gave information before the notice was known to them which led to the arrest of Fee. This evidence was excluded. The Plaintiffs then offered to prove that, with a view to this reward, they spent time and money, made disclosures to the District Attorney, to the Grand Jury, and to the Court on

the trial, after Fee was in jail, and that without their effort, evidence, and exertion, no indictment or conviction could have been had.   This evidence was excluded.

The Court thereupon directed a nonsuit.

It is entirely clear that in order to entitle any person to the reward offered in this case, he must give such information as led to both apprehension and conviction; that is, both must happen, and happen as a consequence of the information given.   No person could claim the reward whose information caused the apprehension, unless conviction followed; both are conditions precedent. No one could therefore claim the reward who gave no information whatever until after the apprehension, although the information he afterwards gave was the evidence upon which conviction was had, and however clear it may be that had the information been concealed or suppressed there could have been no conviction.

This is according to the plain terms of the offer of a reward, and is held in Jones v. The Phœnix Bank (8 N. Y. Rep. 228) ; Thatcher v. England (3 Com. Bench R. 254).   In the last case it was distinctly held that, under an offer of reward payable " on recovery of property stolen, and conviction of the offender," a person who was active in arresting the thief, and finding and restoring part of the stolen property, giving information to the magistrates, tracing to London other of the property, and producing pawnbrokers with whom the prisoner had pledged it; and who incurred much trouble and expense in bringing together witnesses for the prosecution, was not entitled to the reward, as it appeared that another person gave the first information as to the party committing the robbery.

In the present case, the Plaintiff, after the advertisement of the Defendant's offer of reward came to his knowledge, did nothing toward procuring the arrest, nor which led thereto, for at that time Fee had already been arrested.

The cases above referred to therefore establish that if no information came from the Plaintiffs which led to the arrest of Fee, the Plaintiffs are not entitled to recover, however much the in-

formation they subsequently gave and the efforts they made to pro-
cure evidence may have contributed or even have caused his con-
viction ; and therefore evidence that it was their efforts and infor-
mation which led to his conviction was wholly immaterial, if they
did not prove that they had given information which led to his
apprehension, and was properly rejected.

The question in this case is single ; a murderer having been ar-
rested and imprisoned in consequence of information given by the
Plaintiff before he is aware that a reward is offered for such ap-
prehension, is he entitled to claim the reward in case conviction
follows ?

The ruling on the trial, excluding all evidence of information
given by the Plaintiffs before they heard of this reward, necessa-
rily answers this question in the negative.

The case of Williams *v.* Carwardine (4 Barn. and Aldolph. 621),
and same case at the assizes (5 Carr and Payne, 566), holds that a
person who gives information according to the terms of an offered
reward is entitled to the money, although it distinctly appeared
that the informer had suppressed the information for five months,
and was led to inform not by the promised reward, but by other
motives.

The Court said the Plaintiff had proved performance of the
condition upon which the money was payable, and that estab-
lished her title : that the Court could not look into her motives.
It does not appear by the report of this case whether or not the
Plaintiff had ever seen the notice or handbill posted by the De-
fendant, offering the reward ; it does not therefore reach the precise
point involved in the present appeal.

I perceive, however, no reason for applying to an offer of re-
ward for the apprehension of a criminal any other rules than are
applicable to any other offer by one, accepted and acted upon
by another, and so relied upon as constituting a contract.

The form of action in all such cases is assumpsit.   The Defend-
ant is proceeded against as upon his contract to pay, and the first
question is, was there a contract between the parties ?

To the existence of a contract there must be mutual assent, or,

in another form, offer, and consent to the offer.    The *motive* in-
ducing consent may be immaterial, but the consent is vital ; with-
out that there is no contract.

How, then, can there be consent or assent to that of which the
party has never heard ?   On the 15th day of October, 1859, the
murderer Fee had, in consequence of information given by the
Plaintiffs, been apprehended and lodged in jail.    But the Plain-
tiffs did not, in giving that information, manifest any assent to the
Defendant's offer, nor act in any sense in reliance thereon ; they
did know of its existence.

The information was voluntary, and in every sense (material
to this case) gratuitous.    The offer could only operate upon the
Plaintiffs after they heard of it.    It was prospective—to those who
will in the future give information, &c. ·   An offer cannot become
a contract unless acted upon or assented to.    Such is the element-
ary rule in defining what is essential to a contract.   (Chitty on
Conts., 5th Am. Ed., Perkins' notes, p. 10, notes a and 2, and cases
cited.)

Nothing was here done to procure or lead to Fee's apprehen-
sion, in view of this reward.    Indeed, if we were at liberty to look
at the evidence on the first trial, it would appear that Fee was ar-
rested before the Defendant offered the reward.    I think the evi-
dence was properly excluded, and the nonsuit necessarily followed.

The judgment should be affirmed.

                                        JOEL TIFFANY,
                                          State Reporter.