CHARLES J. HOWLAND, Appellant, *v.* WILLIAM P. LOUNDS et al., Respondents.

To entitle a person to a reward offered for the recovery, or for information leading to the recovery of property lost, he must show a rendition of the services required after a knowledge of and with a view of obtaining the offered reward. The finding of the property and advertisement thereof, without knowledge of the offer, or the giving of information as to the whereabouts of the property, which information does not, in fact, lead to its recovery, does not entitle him to the reward

(Argued January 16, 1873; decided March term, 1873)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial district, affirming a judgment in favor of plaintiff entered upon an order dismissing plaintiff's complaint.

The nature of the action and the facts pertinent to the questions discussed appear in the opinion.

At the close of the evidence upon the trial the court directed a verdict for plaintiff for the amount of the reward and interest, subject to the opinion of the court. Subsequently an opinion was rendered holding that plaintiff was not entitled to the reward, and directing the entry of a judgment dismissing the complaint. Judgment was entered accordingly.

*A. Anthony* for the appellant. To recover a reward for stolen or lost property the person claiming it must recover the property, or it must be recovered by means of information given by him with a view to the benefit of the reward. (2 Edwards Ch. R., 95, 107 ; *Tamer* v. *Walker*, 1 Q. B., 641 ; 10 J. R., 102 ; *Fitch* v. *Snedaker*, 38 N. Y., 248.)

*Jacob B. Jewett* for the respondents. The person entitled to the reward is he who furnishes the earliest information, and so initiates the movement which results in the recovery of the property. (*City Bank* v. *Bangs*, 2 Edwards Ch. R., 95 ; *Tamer* v. *Walker*, 1 Q. B., 647 ; 2 id., 307 ; *Smith* v. *Moore*, 1 C. B., 438 ; 8 Jur., 352 ; *Williams* v. *Carwaster*, 1 Nev. & M., 418 ; 5 B. & Adol., 681 ; 5 Carr. & P., 566 ; *Lancaster* v. *Welsh*, 6 Mee. & W., 16 ; 1 Conv. & H., 258.)

GRAY, C. This action was brought to recover a reward of $150 which the defendants offered for the recovery or information leading to the recovery of their stray mare, and is defended upon the ground that one Rogers or Williams, rather than the plaintiff, is entitled to the reward. In order to entitle a party to recover a reward offered, he must establish between himself and the person offering the reward not only the offer and his acceptance of it, but his performance of the services for which the reward was offered ; and upon principle, as well as upon authority, the performance of this service by one who did not know of the offer, and could not have acted in reference to it, cannot recover. (*Fitch & Jones* v. *Snedaker*,

38 N. Y., 248, 249). With these principles in view, let us see whether Rogers or Williams have any claim to the reward. Rogers found the mare in the highway, and ignorant of the fact that a reward had been offered, turned her in upon the premises of one Dorland, and advertised her as found in the highway, and that the loser of the mare could obtain her by calling on Dorland. Rogers' claim to the reward offered (if he ever made any) is disposed of by his ignorance of the offer. (*Fitch & Jones* v. *Snedaker, supra.*) Williams, after being told by Rogers where the mare was and learning that a reward had been offered, and after the defendants had informed one Parker of the loss and requested him to mention the fact to any one whom he thought would be likely to come across any traces of her, that a liberal reward would be paid to any one who would recover her or give information that would lead to her recovery, went to the residence of the defendant Lounds, and, not finding him at home, informed his wife and a police officer where the mare was, and thereupon the wife of Lounds requested them to go in quest of the mare. Williams then went to police head-quarters and arranged with one of the police to go for the mare, and returned and called upon Mrs. Lounds a second time, and while there a telegram arrived addressed by the plaintiff in the name of Parker to the defendant Lounds, saying, "I have found your mare and have her at Hyde," and thus the information given by Williams, having become useless, was not further acted upon. Now, although Williams may have acted in reference to the reward, and through him information may have reached the defendant as to where the mare could be found, yet as nothing that was said or done by him could with the utmost diligence have led to her recovery before she was in fact recovered by the plaintiff, who also acted in reference to the reward, the service rendered by him not having led to her recovery, does not entitle him to the reward. Parker, after being requested to mention the loss of the mare to any one who he thought would come across any traces of her, being himself ignorant as to where she could be found, and

understanding that the plaintiff did know, handed to him the defendant's letter containing the request and their advertisement containing their offer of the reward, and thereupon the plaintiff, having seen the advertisement of Rogers, went to Dorland's, found the mare, and took her to Parker's stable in Hyde Park, and telegraphed the defendant Lounds, as stated. On the following day, the defendant Lounds went to Hyde Park and received the mare from Parker, but declined to pay the reward then, assigning as a reason that the police of New York had forbade him, saying he was willing to pay the reward to the one entitled to it. The police of New York or any of its force was not entitled to the reward. The mare was not recovered by that force or any member of it, nor was information derived from that source which led to her recovery. The plaintiff, acting in reference to the reward and from information from one who knew that a reward had been offered, recovered the mare, and through Parker restored her to the possession of the defendants, he alone was therefore entitled to the reward, and, upon the defendants' neglect to pay, had a cause of action for its recovery, and ought to have recovered the amount offered. The judgment appealed from should be reversed and a new trial ordered.

REYNOLDS, C. All that Rogers did with respect to the defendants' mare was, that on the 4th of October, 1866, he found her straying on the public highway, secured her and placed her on the farm of Dorland, in Arthursburgh. On the 8th of October he published a notice in the Poughkeepsie Eagle stating the fact, and that the owners could obtain the animal by calling upon Dorland.

On the 10th of October, on receiving payment of charges he delivered the mare to the plaintiff. He did not act with any reference to the reward offered, and has made no claim to it so far as we know. It is not perceived that the plaintiff was under any obligation, when he received the mare, to disclose the fact that a reward had been offered for her recovery.

It seems very clear that Rogers was not entitled to the reward.

On the 8th of October one Parker, of Hyde Park, received a letter from the son of one of the defendants informing him of the loss of the mare, with a card offering the reward in question "for her recovery, or information leading to her recovery." On the 9th of October Parker communicated with the plaintiff, and the following morning he, with the plaintiff, proceeded to the farm of Dorland, and about nine o'clock the plaintiff received the mare from Rogers on paying charges, and restored her to the defendants. On the day she was found at Dorland's the defendant, Lounds, was advised of the fact by telegraph from Poughkeepsie.

On the 8th of October Rogers told one Williams that he had found a mare. On the next day (Tuesday) Williams went to New York, and on Wednesday, the 10th of October, he met with a card announcing the offer of the reward in dispute. Between eight and nine o'clock on that morning he called at the house of the defendant, Lounds, in New York, and he was not at home. He found, however, his wife and a police officer and told them he thought he knew where the lost mare was, and Mrs. Lounds wanted him and the policeman to go after the animal. About noon of that day Williams went to the police head-quarters in New York and arranged with one of the number to take the four or five o'clock train from New York that afternoon to look after and get the mare. Williams afterward and a little after noon went again to the house of the defendant, Lounds, and while there a telegram came from Parker announcing that the mare had been found, and that he had her at Hyde Park. This appears to be all that Williams did; and before he made any arrangement with the police, the mare had been found by the plaintiff. Williams does not, so far as we know, claim the reward; and if he did, he is clearly not entitled to it.

The only reason assigned by the defendants for not paying the plaintiff the reward was that "the police in New York claimed it." Whether the whole force or some one member,

does not appear; but upon what ground any such claim can rest, it is impossible to discover. Nothing was done by them, or any of them, whatsoever, except an arrangement with Williams for one of their number to go to Dutchess county to find the mare after she had been found by the plaintiff, and which arrangement was never acted upon.

If conflicting claims were made for this reward, the defendants, when sued, had a perfect remedy against the consequences of a lawsuit. They might have paid the amount of the award into court, be. discharged from the litigation, and compelled the claimants to interplead with each other. (Code, § 122; *McKay* v. *Draper*, 27 N. Y., 256.) That the plaintiff is entitled to this reward seems to be established by numerous cases. (*City Bank* v. *Bangs*, 2 Edwards Ch. R., 95; *Tamer* v. *Walker*, 1 Q. B., 647.) That a party claiming a reward of this character must give some information or do something having some reference to the reward offered, is very obvious. The action is, in fact, upon contract. Where a contract is proposed to all the world, in the form of a proposition, any party may assent to it and it is binding, but he cannot assent without knowledge of the proposition.

This case, in any view, seems to be entirely undefended, and the judgment of the Supreme Court must be reversed and a new trial granted, with the costs of all the courts below to abide the event.

All concur; LOTT, Ch. C., not sitting.

Judgment reversed.