ABEL *v.* PEMBROKE.

In the absence of statute authority, a town has no power to offer a reward for the apprehension of a criminal.

The statute (Gen. Sts., c. 245, s. 1) in relation to rewards is prospective in its operation, and only authorizes compensation for what is done after a reward is offered.

ASSUMPSIT. The plaintiff claims to recover $2,000, being the amount of a reward offered by the selectmen of Pembroke for the conviction of the murderer of Josie A. Langmaid, in October, 1875. Facts found at the trial term.

The plaintiff, in October, 1875, was living in St. Albans, Vt., and, under date of October 9, 1875, he caused a letter to be written to the selectmen, calling their attention to LaPage, who was sub-sequently arrested, tried, and convicted. He also, under date of October 12, 1875, caused another letter to be written to the select-men, again calling their attention to LaPage. At the time these letters were written and forwarded, he had no knowledge or infor-mation that any reward had been offered, and no reward was in fact offered until October 12. The plaintiff had heard rumors that a reward had been or would probably be offered. Both letters were sent by mail from St. Albans. The plaintiff did not cause the letters to be written in consequence of any reward that was offered by the selectmen, but in the expectation and upon rumors to the effect that a reward would probably be offered. The plain-tiff offered to show that an informal meeting, largely attended by citizens of Pembroke and Allenstown, was held at Allenstown, in the village of Suncook, on the evening of October 9, which was called to order by the chairman of the board of selectmen of Pem-broke, and at which another of the selectmen was present, at which meeting a vote was passed, among other things, to instruct and support the selectmen in the continuance of their efforts, calling to their aid such counsel as in their judgment they may need, and offering such rewards for the capture of the murderer as they may deem liberal; also, that the town subsequently ratified the action of the selectmen in offering the reward for $2,000 ;—but the court excluded the evidence, and the plaintiff excepted. There was no evidence that the plaintiff did anything in apprehending and secur-ing the murderer except causing the two letters above mentioned to be written. He was present at the trial, but did not testify, and gave no advice, assistance, or information to the prosecuting officers, except as above.

On the foregoing facts the court ruled that the plaintiff could not maintain the action, and ordered judgment for the defendants, to which the plaintiff excepted.

*S. B. Page* (*D. B. Donovan* with him), for the plaintiff. 1. The offer of $2,000 by the selectmen as a reward for the conviction of the ravisher and murderer of Josephine A. Langmaid, although in excess of the amount named in section 1 of chapter 245 of the Gen-eral Statutes, was within the general power of the selectmen, and binds the town. As in time of national peril we submit to extraordi-nary legislation, assumption of unusual powers by the executive, and extraordinary rulings by the judiciary, so when in a community a great and especially heinous crime is committed,—when life or a

woman's honor is sacrificed,—the public safety requires just such assumption of authority as was exercised by the selectmen in this case.   The statute does not divest the selectmen of their common-law right to offer such reward in special cases, as they did in this. To support the town in an effort to evade liability in this case would be to offer a premium upon crime, would be an encouragement of bad faith, and be calculated to promote the confidence of evil-doers in the shield of technicalities interposed between the criminal and punishment.   *Crawshaw* v. *Roxbury*, 7 Gray 374.

2.  The offer of the reward was as well to the man who might have the brains to plan and contrive the arrest of the criminal, as to the officer whose hand was placed upon the prisoner's shoulder.

3.  The citizens' meeting at Suncook was upon the 9th of October.   The plaintiff sent a letter giving information, under date of October 12th, following.   In view of the action of that meeting, and the notoriety given its action, is it not a question for the jury as to whether or not the plaintiff understood a reward to have been offered, and furnished the information that led to the arrest upon the faith thereof?   But we say,—

4.  That the law will not apply the rule laid down in the case of lost property to rewards offered for the detection of great criminals. There is a broad difference between the case of a stolen horse, for the recovery of which the owner agrees to pay a fixed sum, and the case of a ravisher and murderer, upon whose detection and arrest hang the peace and safety of the whole community.   The latter case is not controlled by the law governing contracts.

*J. Y. Mugridge* and *Chase & Streeter*, for the defendants.

BLODGETT, J.   The offered evidence was properly excluded. The authority of towns to offer a reward for the apprehension of criminals being derived from the statute (*Gale* v. *So. Berwick*, 51 Me. 174, *Hawk* v. *Marion County*, 48 Iowa 472, *Hanger* v. *Des Moines*, 52 Iowa 193, *Patton* v. *Stephens*, 14 Bush. 324), it is necessarily a condition precedent to the maintenance of an action for such reward that it comes within the statute.

The statute applicable to this case provides that "The mayor and city councils of any city, and the selectmen of any town, are authorized, whenever in their opinion the public good requires it, to offer and pay from the treasury of such city or town a suitable reward, not exceeding $300 in any one case, to any person who shall, in consequence of such offer, apprehend any person or persons charged with having committed any capital or other high crime."   G. S., *c.* 245, *s.* 1.   It follows that there can be no recovery in any case beyond the sum of $300, and that there can be no recovery whatever by the plaintiff, for the reason that his alleged services were rendered before the reward was offered, and not after, as the statute expressly requires.   Having done nothing in

consequence of the offer, his case does not come within the statute in any respect, and it is useless to multiply words in support of this conclusion.

This view being decisive, it is unnecessary to consider other grounds of defence suggested by the facts. See, however, *Stamper* v. *Temple*, 6 Humph. 113; *Burke* v. *Wells*, 50 Cal. 218; *Fitch* v. *Snedaker*, 38 N. Y. 248; *Howland* v. *Lounds*, 51 N. Y. 604. The exceptions are overruled.

*Judgment for the defendants.*

STANLEY, J., did not sit: the others concurred.