JAMES WILLIAMS

*v.*

THE WEST CHICAGO STREET RAILROAD COMPANY.

*Opinion filed October 24, 1901.*

1. REWARD—*terms of reward must be substantially complied with by claimant.* One offering a reward may prescribe whatever terms he sees fit, and such terms must be substantially complied with before any contract arises between him and the claimant.

2. SAME—*what not a compliance with terms of reward.* The terms of a reward "for the arrest and conviction of the murderer or murderers" of a party are not complied with by one who merely furnishes some information to the police which led to the arrest of one of the murderers, and identified both murderers as having been in the vicinity of the scene of the crime, but did nothing more toward securing their conviction, which was had upon other information obtained by the police authorities.

3. SAME—*services must be performed in view of the reward.* A reward cannot be recovered unless the claimant knew, at the time of the performance of his services, that the reward had been offered, and in consideration thereof, and with a view to earning the same, rendered the services specified in the offer.

*Williams* v. *West Chicago Street R. R. Co.* 94 Ill. App. 385, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

PEASE & POLKEY, (OSCAR B. McGLASSON, and HENRY C. BEITLER, of counsel,) for appellant:

The practice of withdrawing cases from the consideration of juries is looked upon with disfavor by the law, and should never be resorted to where there is any substantial evidence in support of the material allegations of plaintiff's declaration. *Pullman Car Co.* v. *Laack,* 143 Ill. 241; *Frazer* v. *Howe,* 106 id. 563; *Siddall* v. *Jansen,* 168 id. 43; *Railway Co.* v. *Dunleavy,* 129 id. 132; *Rack* v. *Railway Co.* 173 id. 289; *Offutt* v. *Exposition Co.* 175 id. 472.

The tendency of our courts is in the direction of liberal construction of offers of reward. Literal construc-

tion of these offers has been repeatedly condemned, and in all cases where there has been a substantial, though not literal, compliance with the terms of the reward by the claimant he has been held to be entitled to recover. *Bank* v. *Hart,* 55 Ill. 67; *Besse* v. *Dyer,* 91 Mass. 151; *Crawshaw* v. *Roxbury,* 7 Gray, 374; *Swanton* v. *Ost,* 74 Ill. App. 281; *Haskell* v. *Davidson,* 40 Atl. Rep. 330; *Montgomery* v. *Robinson,* 85 Ill. 174.

Where a reward is offered for the arrest of a malefactor it is not necessary that the claimant of such reward should have actually arrested the criminal with his own hands. If the information which he supplies to the proper authorities is the active and efficient means of the arrest or detention this has been held to be sufficient. *Swanton* v. *Ost,* 74 Ill. App. 281; *Ensminger* v. *Horn,* 70 id. 605; *Montgomery* v. *Robinson,* 85 Ill. 174; *Crawshaw* v. *Roxbury,* 7 Gray, 374; *Besse* v. *Dyer,* 91 Mass. 151; *Salbadore* v. *Insurance Co.* 22 La. Ann. 328; *Bank* v. *Bangs,* 2 Edw. Ch. 95; *Haskell* v. *Davidson,* 40 Atl. Rep. 330.

In cases where rewards have been offered for services in the arrest or conviction of offenders, or both, and the evidence shows the rendition of substantial services in either regard by the claimant after the reward was offered, he has uniformly been permitted to recover, even though he has not performed all the services required by the offer. *Swanton* v. *Ost,* 74 Ill. App. 281; *Bank* v. *Hart,* 55 Ill. 67; *Ensminger* v. *Horn,* 70 Ill. App. 606; *Montgomery* v. *Robinson,* 85 Ill. 174; *Russell* v. *Stewart,* 44 Vt. 170; *Besse* v. *Dyer,* 91 Mass. 151; *Haskell* v. *Davidson,* 40 Atl. Rep. 330; *Crawshaw* v. *Roxbury,* 7 Gray, 374.

It is not even necessary that the claimant know of the offer of reward having been made at the time of the commencement of rendition of his services in order to recover. *Coffey* v. *Commonwealth,* 37 S. W. Rep. 575; *Williams* v. *Carwardine,* 4 B. & A. 621; *Dawkins* v. *Sappington,* 26 Ind. 199; *Russell* v. *Stewart,* 44 Vt. 170; 21 Am. & Eng. Ency. of Law, 398, note 2; *Auditor* v. *Ballard,* 9 Bush. 572; *Eagle* v. *Smith,*

4 Houst. 293; Clark on Contracts, 58; *Hayden* v. *Songer*, 26 Am. Rep. 6; *Everman* v. *Hyman*, 28 N. E. Rep. 1022.

The fact that the claimant's connection with the case may have begun before the reward was offered has never been considered fatal to his claim in cases of this nature, if, after the offer was made, he rendered substantial services in compliance with its terms and with the intention of claiming the reward offered. *Coffey* v. *Commonwealth*, 37 S. W. Rep. 575; *Auditor* v. *Ballard,* 9 Bush. 572; *Ensminger* v. *Horn,* 70 Ill. App. 605.

JOHN A. ROSE, and LOUIS BOISOT, (W. W. GURLEY, of counsel,) for appellee:

Where a reward is offered for two results, both must be shown, or there can be no recovery. *Hogan* v. *Stophlet,* 179 Ill. 150; *Furman* v. *Parke,* 21 N. J. L. 310; *Jones* v. *Bank,* 8 N.Y. 228; *Fitch* v. *Snedaker,* 38 id. 248; *Stephens* v. *Brooks,* 65 Ky. 137; *Clanton* v. *Young,* 11 Rich. L. 546; *Blain* v. *Express Co.* 69 Tex. 74.

Merely giving information that leads to an arrest does not entitle one to a reward offered for the arrest. *Shuey* v. *United States,* 92 U. S. 73; *Juniata County* v. *McDonald,* 122 Pa. St. 115; *Austin* v. *Milwaukee County,* 24 Wis. 278; *Sias* v. *Hallock,* 14 Nev. 332; *Burke* v. *Wells, Fargo & Co.* 50 Cal. 218; *Commonwealth* v. *Anderson,* 5 Kulp. 302; *Everman* v. *Hyman,* 28 N. E. Rep. 1022.

In order to obtain a reward for the conviction of an offender it is necessary to assume burden of prosecution. *Fallick* v. *Barber,* 1 M. & S. 108; *Burke* v. *Wells, Fargo & Co.* 50 Cal. 218; *Rinehart* v. *Lancaster,* 6 Atl. Rep. 91; *Lovejoy* v. *Railway Co.* 53 Mo. App. 386; *Bank* v. *Bangs,* 2 Edw. Ch. 95.

An employee of the party offering a reward is not, as a general rule, qualified to claim it. *Russell* v. *Stewart,* 44 Vt. 170; *Stacy* v. *Bank,* 4 Scam. 91; *VanHorn* v. *Water Co.* 115 Cal. 448; *Pool* v. *Boston,* 5 Cush. 219.

Services rendered in ignorance of the offer of a reward do not entitle the party to such reward. *Railroad Co.*

v. *Sebring*, 16 Ill. App. 181; *Fitch* v. *Snedaker*, 38 N. Y. 248; *Ensminger* v. *Horn*, 70 Ill. App. 605; *Howlands* v. *Lounds*, 51 N. Y. 604; *Vitty* v. *Eley*, 64 N. Y. Supp. 397; *Stamper* v. *Temple*, 6 Humph. 113; *Hewitt* v. *Anderson*, 56 Cal. 476; *Lee* v. *Flemingsburg*, 7 Dana, 28.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action of assumpsit brought by the appellant, against the appellee, in the circuit court of Cook county, to recover a reward offered by the appellee for the arrest and conviction of the murderer or murderers of C. B. Birch, who was killed while in the service of the appellee, which, as published, was in the following terms:

"$5000 Reward.

"OFFICE WEST CHICAGO STREET RAILROAD CO.,

"*June 24, 1895.*

"The above reward will be paid by the West Chicago Street Railroad Company for the arrest and conviction of the murderer or murderers of C. B. Birch, who was fatally shot while in discharge of his duty as receiver, on the morning of June 23, at the Armitage avenue barn.

CHARLES T. YERKES, *Pres't.*"

At the close of all the evidence the court directed the jury to find the issues for the defendant, which was accordingly done, and a judgment having been rendered on said verdict, which judgment has been affirmed by the Appellate Court for the First District, a further appeal has been prosecuted to this court.

At about two o'clock on Sunday morning, June 23, 1895, Birch, whose duty it was to receive the money brought in by the conductors, was fatally shot at the barn of appellee located at Armitage avenue, in the city of Chicago. The appellant, who was also an employee of the appellee, and whose duty consisted of going from barn to barn each night to inspect the cash registers, was in the barn from midnight until two o'clock in the morning, and left just before the killing of Birch. As he drove away in his buggy he noticed two men coming

across the street toward the barn. They looked sharply at him and he looked at them. On Monday morning, June 24, the appellant went to the appellee's office, where he met its general superintendent, who inquired of him if he saw any men near the barn as he drove away. Appellant told him that he had seen two men and that he thought he could identify them, whereupon the superintendent gave him a note and told him to go and see Capt. Larson of the police force. He called upon Capt. Larson that afternoon, told him what he had seen and gave him a description of the two men, whereupon the officer said that he had a man in custody at that time who he thought answered the description of one of the men described by him. The man, whose name was Julius Mannow, was brought up and was identified by the appellant as one of the men he had seen near the barn as he drove away. Capt. Larson told him to come to the station the next day, and in the meantime he would hunt up and have arrested the other man he had described. The murder of Birch led the police authorities to at once issue what was termed a "drag-net order,"—that is, an order to the various patrolmen to arrest all suspicious characters in their respective districts and bring them in for examination as to their whereabouts at the time of the commission of the crime. Mannow was thus arrested and brought to the station. A police officer named Jurs testified upon the trial of this cause that about two months before the time of the murder Mannow had narrated to him a plan for the robbing of a coal office in the manner in which the Armitage avenue robbery was accomplished, and had described Joseph Windrath as concerned in the plan, and that after the Armitage avenue robbery and the murder of Birch the witness at once recalled this fact and suspected Mannow and Windrath and took steps to cause their arrest. This was before the information was given by the appellant. On Tuesday morning, the 25th day of June, the appellant for the

first time learned of the offered reward by reading the same as published in the *Chicago Tribune.* Afterwards, on that day, he went again to the police station and identified Windrath, who had been arrested in the meantime, as the man he had seen in company with Mannow near the barn just before the killing. The services rendered by the appellant in connection with the arrest and conviction of Mannow and Windrath after he knew of the offered reward, consisted in his identification of Windrath, and his testifying before the coroner's jury, the grand jury, and upon the trial in the criminal court, that he had seen Mannow and Windrath together near the Armitage avenue barn on the night and near the time of the commission of the crime. Other information was obtained by the police authorities shortly after the identification of Mannow and Windrath which fastened the crime upon the two men. Mannow pleaded guilty and Windrath was tried and convicted. The offered reward was paid by the appellee to another claimant.

The offer of a reward remains conditional until it is accepted by the performance of the service, and one who offers a reward has the right to prescribe whatever terms he may see fit, and such terms must be substantially complied with before any contract arises between him and the claimant. Thus, if the reward is offered for the arrest and conviction of a criminal, or for his arrest and the recovery of the money stolen, both the arrest and conviction or arrest and recovery of the money are conditions precedent to the recovery of the reward; and when the offer is for the delivery of a fugitive at a certain place the reward cannot be earned by the delivery of him at another place, and an offer for a capture of two is not acted upon by the capture of one. The reward cannot be apportioned. The offer is an entirety, and as such must be enforced, or not at all. 21 Am. & Eng. Ency. of Law,—1st ed.—391-397; *Hogan* v. *Stophlet,* 179 Ill. 150; *Furman* v. *Parke,* 21 N. J. L. 310; *Fitch* v. *Snedaker,* 38 N. Y.

248; *Juniata County* v. *McDonald*, 122 Pa. St. 115; *Shuey* v. *United States*, 92 U. S. 73.

In *Hogan* v. *Stophlet, supra*, which was an action for the recovery of a reward offered for the "apprehension and conviction of a criminal," this court said (p. 153): "The reward was offered for the apprehension and conviction of the person or persons who burned or caused the building to be burned. It thus appears that the reward was offered, not for the conviction alone, but for the apprehension *and* conviction of the guilty party. Appellant is entitled to recover for both or he cannot recover at all. The reward cannot be apportioned,—that is to say, there can be no apportionment of it between what is due for the apprehension and what is due for the conviction. The offer must be enforced as an entirety, or not at all."

In *Furman* v. *Parke, supra*, the reward was "for the apprehension and conviction of such person or persons as may have been implicated in the murder of John B. Parke, John Castner, Maria Castner and child." The court say: "The reward is to be paid for the apprehension and conviction, not of one of several persons implicated, but of the person (if one) or the persons (if more than one) who were implicated, not in the murder of John B. Parke alone, but of John B. Parke and three other persons. * * * The person, therefore, to be entitled to the reward, must aver and prove that the person or persons implicated in each of the four murders has or have been apprehended and convicted."

In *Fitch* v. *Snedaker*, 38 N. Y. 248, the offer was "to any person or persons who will give such information as shall lead to the apprehension and conviction of the person or persons guilty of the murder," etc. It appeared that the claimant gave evidence which led to the conviction of the offender but did nothing towards securing his discovery or arrest, and it was held that he was not entitled to the reward. The court said (p. 250): "It is entirely clear that in order to entitle any person to the reward

offered in this case he must give such information as shall lead to both apprehension and conviction,—that is, both must happen, and happen as a consequence of information given. No person could claim a reward whose information caused the apprehension, until conviction followed. Both are conditions precedent. No one could therefore claim the reward who gave no information whatever until after the apprehension, although the information he afterward gave was the evidence upon which conviction was had, and however clear that had the information been concealed or suppressed there could have been no conviction. This is according to the plain terms of the offer of the reward."

In *Juniata County* v. *McDonald, supra,* the reward was for the capture and delivery of a criminal to the jail, and a person who furnished information from which the capture resulted, but who did not deliver the prisoner or cause him to be delivered, was held not to be entitled to the reward. The court said: "A mere reading of this paper settles the whole controversy. The reward was not offered for information as to the prisoner's whereabouts, but for his capture and delivery. How, then, could one be entitled to that reward who neither captured nor delivered him? Admitting, then, that the plaintiff gave the sheriff accurate information as to where the culprit could be found, and that he went with him and acted as one of his posse, yet on that officer fell the duty of arrest and the plaintiff was relieved of all responsibility."

And in *Shuey* v. *United States, supra,* which was a suit for a reward offered by the Secretary of War "for the apprehension of John H. Surratt, one of Booth's accomplices," it was held that one who had made disclosures to which were due the discovery and arrest of Surratt was not entitled to the reward for his apprehension. The court say: "It is found as a fact that the arrest was not made by the claimant, though the discovery and arrest

were due entirely to the disclosures made by him. The plain meaning of this is, that Surratt's apprehension was a consequence of the disclosures made. But the consequences of a man's act are not his acts. Between the consequence and the disclosure that leads to it there may be, and in this case there were, intermediate agencies. Other persons than the claimant made the arrest—persons who were not his agents, and who themselves were entitled to the proffered reward for his arrest, if any persons were."

Under the authorities above cited the appellant can not recover unless the evidence shows he caused the arrest and conviction of both Mannow and Windrath. He did neither. At most he furnished some information to the police which led to the arrest of Windrath, and identified both men as having been in the vicinity of the barn at the time of the commission of the crime, which does not bring him within the terms of the offered reward, which was for "the arrest and conviction of the murderer or murderers of C. B. Birch."

We are of the opinion that the appellant is not entitled to recover in this case for the further reason that the services performed by him were substantially all rendered before the reward was offered or at a time when he was ignorant of the fact that a reward had been offered. After the appellant had informed the superintendent of appellee and the captain of police that he had seen Mannow and his companion near the scene of the murder at about the time the same was committed, he did nothing towards securing the conviction of the prisoners other than what he could have been required to do as a witness. The reward was not offered for information which was already in the possession of the officers nor for witnesses who would come forward and testify to facts which were then known to be within their knowledge, but for the arrest and conviction of the murderer or murderers. The right to recover a reward arises out of

the contractual relation which exists between the person offering the reward and the claimant, which is implied by law by reason of the offer on the one hand and the performance of the service on the other, the reason of the rule being that the services of the claimant are rendered in consequence of the offered reward, from which an implied promise is raised on the part of the person offering the reward to pay him the amount thereof by reason of the performance by him of such service, and no such promise can be implied unless he knew at the time of the performance of the service that the reward had been offered, and in consideration thereof, and with a view to earning the same, rendered the service specified in such offer. *Fitch* v. *Snedaker, supra; Howlands* v. *Lounds,* 51 N. Y. 604; *Stamper* v. *Temple,* 6 Humph. (Tenn.) 113; 44 Am. Dec. 296.

In *Stamper* v. *Temple, supra,* which was an action to recover the amount of a reward, the court say: "To make a good contract there must be an *aggregatio mentium,*—an agreement on the one part to give and on the other to receive. How could there be such an agreement if the plaintiffs in this case made the arrest in ignorance that a reward had been offered?"

In *Fitch* v. *Snedaker, supra,* on the trial several questions were asked of the plaintiff, who was a witness in his own behalf, relative to the person to whom he gave information in relation to the murder before the reward was offered or before he heard of it. The court sustained objections thereto and excluded the evidence. The ruling of the trial court in this regard on appeal was held to be correct, and the court on page 251 say: "The form of action in all such cases is assumpsit. The defendant is proceeded against as upon his contract to pay, and the first question is, was there a contract between the parties? To the existence of a contract there must be mutual assent, or, in another form, offer and consent to the offer. * * * Without that there is no contract.

How, then, can there be consent or assent to that of which the party has never heard? * * * The offer could only operate upon plaintiffs after they heard of it."

And in *Howlands* v. *Lounds, supra,* the court say (p. 605): "In order to entitle a party to recover a reward offered, he must establish between himself and the person offering the reward, not only the offer and his acceptance of it, but his performance of the services for which the reward was offered; and upon principle, as well as upon authority, the performance of this service by one who did not know of the offer and could not have acted in reference to it cannot recover."

We are of the opinion the appellant failed to make out a cause of action, and that the trial court, for the reasons above suggested, properly directed a verdict for the appellee. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*