Board of Trustees v. Railway Ticket Pro. Bureau, 175 Ill. App. 464.

jury to the inequality in the financial standing of the parties. We do not find that the record substantiates this claim. While a portion of the remarks were improper, yet we do not think that plaintiff in error was prejudiced thereby, after the ruling thereon.

The other points discussed by counsel have no bearing upon the real issues in this case, and therefore need not be here discussed.

The judgment of the court below is affirmed.

*Judgment affirmed.*

o

————

### Board of Trustees of the Police Pension Fund of South Bend, Indiana, Defendant in Error, v. Railway Ticket Protective Bureau, Plaintiff in Error.

#### Gen. No. 16,570.

1. REWARDS—*claimant must know reward is offered when he renders services.* A reward cannot be recovered by one who at the time he performed the services did not know that a reward had been offered.

2. EVIDENCE—*foreign laws presumed to be same as those of forum.* The laws of a foreign state, unless averred and proved as facts, are presumed to be the same as in this state.

Error to the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed with finding of facts. Opinion filed October 16, 1912. Rehearing denied December 4, 1912.

BRODE B. DAVIS, for plaintiff in error.

O'SHAUGNESSY & O'SHAUGNESSY, for defendant in error.

MR. JUSTICE BAUME delivered the opinion, of the court.

The Board of Trustees of the Police Pension Fund of South Bend, Indiana, brought suit in the Municipal

Court against the Railway Ticket Protective Bureau, F. C. Donald, Chairman, to recover a reward of $1,000, offered by the defendant for the "apprehension, identification and delivery to the sheriff of Hardin County, Ohio, or to a duly constituted authority," of one R. A. Gaver, who was accused of having burglarized a number of railroad ticket offices. A trial by the court without a jury resulted in a finding and judgment against the defendant for the amount sued for and this writ of error is prosecuted to reverse such judgment.

Defendant in error is a body created by the laws of the state of Indiana and an ordinance of the city of South Bend, empowered to collect and conserve a police pension fund. Among other sources from which such fund is authorized to be derived, are the following:

"*Second.* Of all moneys, fees and rewards of every nature which may be paid or given to the police force of such city, or to any member of such force, by reason of or because of any service or duty performed by such police force or members. Also of all fines imposed by the board of public safety against any member of such force."

Plaintiff in error is a voluntary unincorporated association of the railroads operating in the United States and Canada, organized for the purpose of preventing fraud in the sale of railroad tickets. Under date of May 21, 1908, plaintiff in error caused to be prepared and circulated a printed offer of reward, wherein appeared a particular description of Gaver, a statement that he had robbed railroad stations at various places including Hagarstown, Indiana, and a direction to post the same for the information of police officers and detectives.

On the morning of May 27, 1908, Chief of Police, McWeeney, of South Bend, Indiana, was informed by telephone from a livery barn in that city that there was a man there who was acting suspiciously with reference to the sale of a horse and buggy which the in-

formant thought had been stolen. Following this information a police officer was detailed to investigate, and the man was taken into custody and brought to the police station, where a search of his buggy disclosed a package containing a large number of railroad tickets stamped Hagarstown, Indiana, and also a satchel which contained pads, rubber stamps, pliers letters, etc. The man was booked on suspicion of having committed a felony and placed in a cell. Immediately following his apprehension and the discovery of the railroad tickets, the chief of police telegraphed to Hagarstown that he had a man in custody who had in his possession railroad tickets stamped Hagarstown, and in response to such telegram a special agent of the Pennsylvania Railroad went to South Bend for the purpose of investigating the affair.

It is uncontroverted that at the time the man was apprehended and detained in custody neither the police officers of South Bend nor defendant in error had any knowledge or information that a reward had been offered by plaintiff in error for the apprehension and identification of Gaver, and that at the time the man was so apprehended and detained the felony upon suspicion of committing which he was booked was horse stealing. McWeeney testified that upon his return to his office at 1:30 o'clock in the afternoon he received a telephone communication from Butcher, the agent of the Pennsylvania Railroad, who arrived in South Bend later in the day, informing him that the man was badly wanted; that his name was Gaver, and that there were posters in every station on the Pennsylvania Railroad, offering a reward of $1,000 for his arrest. McWeeney further testified that about half an hour after he received said telephone communication there was delivered to him by the mail carrier a printed circular issued by plaintiff in error offering the reward in question; that he showed the circular to the man in the cell who admitted that his name was Gaver, although he had previously stated that his name was

Crawford. Butcher testified that he did not communicate with McWeeney by telephone before going to South Bend and that upon his arrival there McWeeney made no reference to such a communication, or state that he had identified Gaver. Evidence was introduced by plaintiff in error tending to show that none of the circulars offering a reward for the apprehension of Gaver had been mailed to any persons in Indiana at the time McWeeney testified he received such a circular through the mail. The evidence shows that following his arrest Gaver was convicted of burglary in Wayne county, Indiana, and sentenced to the State reformatory.

The errors assigned upon the record raise several questions a consideration of which, it is insisted by plaintiff in error, must result in a reversal of the judgment. First, the sufficiency of the service of process on plaintiff in error, a motion to quash which service was denied; second, whether, in order to recover, it was incumbent upon defendant in error to show that the police officers of South Bend knew of the offered reward before they apprehended Gaver; third, whether in view of the rule that a reward cannot be apportioned, the evidence warranted a finding that Gaver was identified by said police officers; and fourth, whether the rule of public policy which forbids a police officer from recovering a reward for the performance of his official duty has been abrogated or changed by the statute of Indiana providing for the creation of a police pension fund.

While the discussion and determination of each of these several questions would doubtless be of interest to the court and to the parties concerned, inasmuch as the consideration of the second question, above stated, presents upon this record a fatal objection to the finding and judgment, we shall forego a consideration of the other questions stated.

In Williams v. West Chicago St. R. Co., 191 Ill. 610, it is held that a reward cannot be recovered by one

who at the time he performed the services was ignorant of the fact that a reward had been offered. It is there said:

"The right to recover a reward arises out of the contractual relation which exists between the person offering the reward and the claimant, which is implied by law by reason of the offer on the one hand and the performance of the service on the other, the reason of the rule being that the services of the claimant are rendered in consequence of the offered reward, from which an implied promise is raised on the part of the person offering the reward to pay him the amount thereof by reason of the performance by him of such service, and no such promise can be implied unless he knew at the time of the performance of the service that the reward had been offered, and in consideration thereof, and with a view to earning the same, rendered the service specified in such offer. Fitch v. Snedaker, 38 N. Y. 248; Howlands v. Lounds, 51 N. Y. 604; Stamper v. Temple, 6 Humph. (Tenn.) 113; 44 Am. Dec. 296."

Following this decision, the question cannot be regarded as an open one in this state. See also Broadnax v. Ledbetter (Tex.) 9 L. R. A. (N. S.) 1057.

It is, however, urged on behalf of defendant in error that the like rule does not prevail in Indiana and that the court of last resort in that State has held that it was not necessary to the recovery of a reward that the plaintiff should have known a reward was offered when the service was performed. Courts do not take judicial notice of the laws of a foreign state unless the same are averred and proved as facts, and in the absence of such averment and proof the courts of this state will presume that the same law prevails in the foreign state as prevails in this state. Strauss v. American Exch. Nat. Bank, 72 Ill. App. 314; Shannon v. Wolf, 173 Ill. 253; Forsyth v. Barnes, 131 Ill. App. 467.

Defendant in error offered no proof of the law as it is claimed to have been declared in Indiana, and, in

the absence of such proof, defendant in error is not entitled to recover upon the uncontroverted facts appearing in the record.

The judgment of the Municipal Court will be reversed with a finding of facts to be incorporated in the judgment of this court.

*Judgment reversed with finding of facts.*

Finding of facts: We find as ultimate facts that at the time the police officers of South Bend, Indiana, performed the services here involved neither they nor defendant in error had any notice or knowledge that plaintiff in error had offered the reward sought to be recovered in this case, and that plaintiff in error is not indebted to defendant in error for such reward.