RICHARD D. PRICE, JR., & ASSOCIATES, LTD., d/b/a Priceless Donuts, Plaintiff-Appellant, v. THE CITY OF EAST PEORIA, Defendant-Appellee.

Third District   No. 3—86—0630

Opinion filed April 23, 1987.

Richard D. Price, Jr., of Richard D. Price, Jr., & Associates, Ltd., of Peoria, *pro se* (Phil Palmer, of counsel), for appellant.

Prusak & Winne, Ltd., of Peoria (Nathan R. Miller, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff in this case is an Illinois corporation d/b/a Priceless Donuts. Richard Price, Jr., is the president of the corporate plaintiff and references to actions taken by the plaintiff refer to actions taken by the corporate plaintiff through Mr. Price as president. The dispute involves a $1,000 reward offered by the defendant, the city of East Peoria, for information leading to the location of a new business employing 10 or more persons in the city of East Peoria. The plaintiff claims it substantially performed the terms of said offer and was entitled to the reward. The trial court granted the defendant's motion for judgment at the close of the plaintiff's case stating that the plaintiff had substantially performed the services prior to the reward's being offered and not in consideration of the reward. The plaintiff appeals. We affirm.

On June 1, 1984, the plaintiff purchased a parcel of real estate and bait shop at 3625 Washington Road in East Peoria, Illinois. The plaintiff did nothing with the property until February 1985, when a woman suggested to the plaintiff that it would be a good location for a donut shop. The plaintiff decided to remodel the shop and lease it to the woman as a donut shop. On March 27, 1985, the plaintiff received a building permit for remodeling. In the application for a building permit, the plaintiff indicated that the property was going to be converted from a bait shop into a donut shop. Remodeling commenced in March and continued through September 1985. Sometime in April 1985, the plaintiff learned that the woman no longer wished to lease the shop. However, the plaintiff continued remodeling with the intent of opening a donut shop. On or about August 1, 1985, Mr. Price hired an employee who was to learn donut-making skills. On August 6, 1985, the plaintiff ordered a sign for the donut shop. Sometime in July or August, the plaintiff ordered paving work for the parking lot. The parking lot and sign were not completed until September 1985.

On Friday, August 16, 1985, the mayor of East Peoria first announced that a $1,000 reward was being offered for information leading to the establishment of a new business in East Peoria hiring 10 or more people. The plaintiff learned of the reward offer that same day and hurried to get the shop open on Monday so as to be the first to claim the reward. The shop opened on August 19, 1985, despite the fact that it was not fully completed. That afternoon, the plaintiff went to the city hall seeking to claim the reward. Mr. Price was told that he did not qualify and the reward was denied. After trial, judgment was entered against the plaintiff.

On appeal, the plaintiff argues that he substantially performed the terms of the offer after it was made. He testified that he did not plan on opening the business until September 1985, but opened early so as to be the first person to claim the reward. He also did not plan on opening until the sign was in place and the parking lot was completed. Further, the plaintiff argues that he did not intend to employ 10 people, but did so in order to comply with the terms of the reward offer.

■■ Illinois long ago adopted the general rule that a reward cannot be recovered unless the claimant knew, at the time of the performance of his services, that the reward had been offered, and in consideration thereof, and with a view to earning the same, rendered the services specified in the offer. (*Williams v. West Chicago Street R.R. Co.* (1901), 191 Ill. 610, 619.) A claimant is not entitled to recover where the services were substantially rendered by him before

the reward was offered. (191 Ill. 610, 618.) The rule set forth in *Williams* is still good law and controls the resolution of the instant case.

The plaintiff was not acting in consideration of the reward by opening the shop early. The plaintiff would have opened anyway, whether or not the reward had been offered. Mr. Price conceded during his testimony that the reward offer was "fortuitous" and that it was "[u]nbelievable" that the offer was made when he was "in the midst of preparing a business to be opened in East Peoria."

■ The fact that the plaintiff hired enough employees to meet the terms of the reward offer does not negate the substantial services performed toward opening the business prior to the reward's being offered. The plaintiff purchased the property, obtained the building permit, completed most of the remodeling, ordered a sign, and hired an employee to learn donut-making skills, all before the reward offer was announced. The reward offered by the city of East Peoria was intended to draw new business into a depressed area. It was not intended to reward one such as the plaintiff, who had already decided to start a business in the city and who had already performed substantial steps toward doing the same. Accordingly, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

SCOTT and WOMBACHER, JJ., concur.