## Estate of Jonathan Dutton, deceased. Appeal of George W. Beatty.

*Evidence—Competency of witness—Assignment of interest in recognizance—Act of May 23, 1887, sec. 5, clause e, P. L. 158.*

Where a person having an interest in a recognizance in partition, but no interest in the land, executes a mortgage of a supposed interest in the land, and subsequently assigns to another party his interest in the recognizance, the owner of the mortgage is a competent witness after the death of the assignee of the interest in the recognizance to testify, in a proceeding in the orphans' court to distribute the fund represented by the recognizance, to conversations between himself and the mortgagor tending to show that the mortgage was intended as an equitable assignment of the interest in the recognizance.

*Equitable assignment—Recognizance in partition—Mortgage—Intention.*

Where an owner of an interest in a recognizance in partition executes a mortgage which describes the property pledged as an interest in the land for which the recognizance was given, and it appears that it was the intention of the parties to pledge the interest in the recognizance, the mortgage will be considered an equitable assignment of the interest in the recognizance.

*Contract—Consideration.*

Consideration like every other part of a contract must be the result of agreement. The parties must understand and be influenced to the particular action by something of value or convenience and inconvenience, recognized by all of them as the moving cause. That which is a mere fortuitous result flowing accidentally from an arrangement, but in no degree prompting the actors to it, is not to be esteemed a legal consideration.

*Assignment—Consideration—Extension of time—Auditor's finding.*

An auditor's finding that an assignment of a recognizance as collateral security for a pre-existing debt was not based on an extension of time actually contracted for, and hence without consideration, is as conclusive as a verdict of a jury, and will be sustained in favor of equities founded upon a prior assignment of the recognizance.

Argued Feb. 10, 1897.   Appeal, No. 559, Jan. T., 1896, by George W. Beatty, from decree of O. C. Delaware County, No. 5094, overruling exceptions to auditor's report.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed.

The case was referred to John B. Hannum, Esq., who reported as follows :

### FINDING OF FACTS.

1. Jonathan Dutton died on September 17, 1880, intestate, leaving to survive him, his widow, Lydia F. Dutton and four children: Jane F. Clayton, Annie G. Dutton, now Annie D. Johnson, John Dutton and George G. Dutton.

2. Proceedings in partition were begun in the orphans' court of Delaware county, in the estate of said Jonathan Dutton, which resulted in the said George G. Dutton accepting the premises, described as No. 1.  And on April 8, 1881, the said George G. Dutton entered into a recognizance in the usual form, for the sum of $14,200, as fully shown, in recognizance book No. 1, page 243.

3. On July 11, 1881, a partial satisfaction was made upon this recognizance of the shares payable, prior to the death of the widow and signed by Powell F. Clayton, Jane F. Clayton and John Dutton.

4. On July 11, 1881, the heirs of Jonathan Dutton, conveyed by deed, premises described as No. 1 in proceedings of partition to George G. Dutton confirming partition conveying grantor's estate subject to the recognizance in partition.

5. That a short time prior to October 31, 1882, John Dutton made application to Charles C. Larkin, a conveyancer, residing in the city of Chester, for a loan of $1,000 upon his interest in his father's estate; and the said Charles C. Larkin procured from Robert Singleton, the sum of $1,000 and on October 31, 1882, loaned the said John Dutton, the said sum of $1,000 taking as security for the same, a mortgage which is dated October 31, 1882, and recorded in mortgage book Z, No. 3, page 321, etc., on November 3, 1882.   The description in the mortgage being as follows : " All my right, title and interest in and to all that certain tract or piece of land situate partly in the township of Middletown and partly in the township of Chester, in the

county of Delaware and state of Pennsylvania. Bounded by Chester creek, by lands of Richard Berry, by lands of Joshua Habbersett, by lands of James Hall and lands of Elizabeth Sheppard. Containing one hundred acres of land more or less. Being the same premises which Jonathan Dutton, late of the township of Middletown aforesaid, died on or about the eighteenth day of September, A. D. 1880, intestate seized in his demesne as of fee, leaving to survive him as his heirs and next of kin, his widow, Lydia F. Dutton and four children, to wit:—Jane F. Clayton, Annie G. Dutton and the said John Dutton and George Dutton, to whom the same descended and came."

On January 21, 1884, the said John Dutton confessed by bond and warrant a judgment to John Beatty for the sum of $1,436.62, which was duly entered in the court of common pleas on January 21, 1884, in judgment docket P, page 343, etc., and was payable in one month from the date thereof. The amount of said judgment was made up, as follows:

Note of John Dutton to John Beatty, dated Sept. 8, '79 $200 00
Interest on same from Sept. 8, '81 to Jan. 17, '84.    .  28 30
Judgt. John Beatty v. John Dutton entered June 6, '81 1000 00
Int. on same from Jan. 1, '79 to Jan. 17, '84 .    .  302 83
Note John Dutton to John Beatty, April 1, '76 .    .  66 56
Int. on same from April 1, '76 to Jan. 17, '84 .    .  31 13
                                                      ———————
                                                      $1628 82
                    Credit by labor, etc.,    .    .  192 00
                                                      ———————
                                                      $1436 82

And on the same day by assignment recorded in deed book O, No. 5, page 247 etc., on January 21, 1884, assigned to the said John Beatty all of his "right, title and interest, property, claim and demand in the said recognizance as collateral security for the payment of a certain bond and warrant of attorney, bearing even date herewith; conditioned for the payment of the just sum of $1,436.82 in one month from the date thereof; together with lawful interest thereon at the rate of 6 per cent per annum." This assignment was made on January 21, 1884, attached to the recognizance in the recognizance book.

At the time of the taking of the assignment by John Beatty the notes were surrendered to John Dutton. The judgment of $1,000 entered June 6, 1881, was satisfied on February 28, 1884.

At the time this last judgment was confessed the said John Dutton was the owner of real estate in Nether Providence township, Delaware county, upon which the said judgment of $1,000 was a lien.

On February 6, 1886, the said John Beatty died, and on March 3, 1886, letters testamentary upon his estate were granted to George W. Beatty and Edward F. Beatty, the latter named having since died.

On April 12, 1886, execution was issued on judgment, entered January 21, 1884, being No. 27, June term, 1886, and personal property of the said John Dutton was sold and there was realized from said sale on account of said judgment, the sum of $146.44.

On August 24, 1886, Robert Singleton by assignment recorded in assignment of mortgage book, No. 8, page 488, assigned to Charles C. Larkin the said mortgage of John Dutton and also all the right, title, interest, property, claim and demand of the said Robert Singleton, in and to the said recognizance given by George G. Dutton.

Lydia F. Dutton widow of Jonathan Dutton died on February 16, 1896.

The share of John Dutton in the recognizance of George G. Dutton is $1,177.77 with interest from February 16, 1896.

The amount of principal and interest due on said mortgage at the death of Lydia F. Dutton was $1,677.67.

Notice of the assignment of the recognizance by John Dutton to John Beatty was given by the executors of John Beatty to George G. Dutton on April 24, 1886.

John Dutton at the time the mortgage was given to Singleton had no interest in the land, formerly of Jonathan Dutton and taken by George G. Dutton, but was entitled to a share in the recognizance payable at the death of Lydia F. Dutton.

### CONCLUSIONS OF LAW.

There are but two questions involved in the determination of this case:

1. Is the mortgage from John Dutton to Robert Singleton to be considered as an equitable assignment of John Dutton's interest in the recognizance given by George G. Dutton?

2. If the said mortgage is to be considered as an equitable

assignment of said interest—who is entitled to payment, the estate of John Beatty, or Charles C. Larkin, the assignee of the mortgage given to Singleton?

The determination of the first question depends mainly upon whether or not Charles C. Larkin is competent to testify in the case, notwithstanding the fact that John Beatty, the assignee of the recognizance is dead. Under the ruling of the Supreme Court in Kuhns's Estate, 163 Pa. 438, the auditor decides that Charles C. Larkin is a competent witness.

There is no doubt that this mortgage of John Dutton to Robert Singleton standing by itself without any explanation, would bind nothing, as at the time it was given, John Dutton's interest in his father's land had passed to George G. Dutton by a proceeding in partition which had been confirmed by deed from John Dutton. If therefore, it is to operate as an equitable assignment of John Dutton's interest in the recognizance, it must be, because of the intentions of the parties at the time it was given, and this depends entirely upon the testimony of Charles C. Larkin, taken in connection with the description in the mortgage and the fact that the only interest Dutton had in his father's estate, was what would be due him out of the recognizance at the death of his stepmother, Lydia F. Dutton. Larkin says : "I made the loan of one thousand dollars. John Dutton wanted a loan of one thousand dollars, and made an application to me for a loan on his interest in his father's estate coming to him on the death of his stepmother, Lydia F. Dutton. I prepared the mortgage. He said his interest at the death of his mother would be fifteen hundred to two thousand dollars, which I thought ample. I went to Media and told H. T. Walter what I wanted to do. He got the book, opened it to the place, and said that is just what you want, and I copied the same description as is in the mortgage to Singleton. It was something connected with or part of the same estate of Jonathan Dutton, deceased. Mr. Walter's assertion that it was all right, made me think it was all right. Two years' interest has been paid on the mortgage by John Dutton. I paid it to Singleton. I paid the money I got from Singleton to Dutton. Mr. Singleton afterwards made demand for the amount of the mortgage, and then Mr. Broomall came, and I paid Singleton for the mortgage. I am owner today. Mr. Broomall drew the assignment.

I did not examine the records to see if there were any mortgages or judgment given by John Dutton. He said he had not drawn anything on this dower interest; it was all clear. I made the loan relying more on what John Dutton said he had, than from an examination of the records. I hold no other security for the money."

In the case of Hay v. Mayer, 8 Watts, 203, where certain nephews of testator had made a conveyance of land, which it was presumed that they owned, when in fact they were entitled to receive only a certain proportion of the money that would arise from the sale of the land, Judge KENNEDY held that their claim would " be considered as assignable in equity for a valuable consideration, and their deeds as sufficient to bind and divest them, in equity at least, of their rights to any money that could be raised from the sale of the land." Where there is a devise in fee, with an absolute direction to sell for the purpose of distribution, a conveyance of the land by a devisee passes his interest in the proceeds, when sold under the trust in the will : Costen's Appeal, 13 Pa. 292. See also Dunn's Estate, 24 Pittsburg Legal Journal, 109. In the case of Bayler v. Com., 40 Pa. 37, a married woman gave a mortgage to a creditor of her husband of " all the estate, right, title and interest " to which she would be entitled in her father's estate, on his death. The mortgage was given for the sole purpose of securing a prior debt of the husband, and no consideration was received by her or given by the mortgagee. After the death of the father, the mortgagee claimed her share of the real estate—held that he was not a purchaser for value and that the mortgage did not enable him to hold against her. The court saying that though a conveyance of an expectancy as such is impossible at law, yet it may be enforced as an executory agreement to convey, and it would be sustained by a sufficient consideration, in equity.

In the case at hand, there is no doubt but that a sufficient consideration was given by Singleton. In Harner's and Piles's Appeal, Erwin's Estate, 56 Pa. 405, a testator devised land to his wife for life, and directed it to be sold at her death, and the proceeds divided amongst his children. One of the children died in the lifetime of the wife, and his administrator sold his interest in the land by order of the orphans' court for the payment of his debt. Held that his interest passed to the purchaser,

the court saying his deed was therefore an equitable, if not a legal, assignment of the interest of the intestate in the testator's realty.   An heir or expectant devisee or legatee may in the lifetime of the testate or intestate, sell or assign his expectant or contingent interest, and if the contract be on a valuable consideration, equity will enforce it: Power's Appeal, 63 Pa. 443. See also Tryon v. Munson, 77 Pa. 250, East Lewisburg Lumber and Manf. Co. v. Marsh, 91 Pa. 96, and Ruple, to the use of Lewis, v. Bindley, 91 Pa. 296, where it is held that the form of the assignment is immaterial so that there is a clearly expressed intention of an immediate transfer of the right of the assignee. Where a testator directs conversion of his land, the proceeds to be divided among his children, the interest of the latter is personalty.   A mortgage given under such circumstances by one child operates as an equitable assignment of the undivided interest: Bailey v. Allegheny National Bank, 104 Pa. 425.   See also McClellan's Estate, 158 Pa. 639; Moeser v. Schneider, 33 W. N. C. 259; Whelen v. Phillips, 151 Pa. 312; Kuhns's Estate, 163 Pa. 438.   In Collins's Appeal, 107 Pa. 590, it was held that in equity a valid or binding pledge could be made of the interest of the pledgor in a partnership to be subsequently created, so as to secure to the pledgee a priority of lien as against creditors of the pledgor.   A mortgage is defined to be "the conveyance of an estate or property by way of pledge for the security of the debt, and to become void upon payment of it." Personal property may be mortgaged if the mortgagee takes such possession of the thing pledged as its nature and the circumstances will admit: Fry v. Miller, 45 Pa. 441; Bismark B. & L. Asso. v. Bolster, 92 Pa. 123.   In Campbell's Estate, 7 Pa. 100, a mortgage of a legacy was sustained.

From the evidence submitted, the auditor is of opinion that it was the intention of Dutton and Larkin to mortgage Dutton's interest in this recognizance, and that under the principles decided by the cases above cited, the said mortgage operated as an equitable assignment of Dutton's interest in said recognizance and so decides.

The remaining question to be decided is, did Beatty give any consideration for the assignment to him?   For if he did not, then there is no question that the Singleton mortgage is entitled to be paid out of the recognizance, before the judgment of

Beatty.  It is claimed on the part of Beatty's estate that their holding is for consideration, because the assignment of the collateral was part of a simultaneous transaction, by which a prior indebtedness of Dutton was extinguished and a new obligation taken, payable in thirty days.  Now what are the facts ?  Dutton was indebted to Beatty on certain notes and on a judgment which was entered on June 6, 1881, and which was a lien on Dutton's real estate.  On January 17, 1884, they had a settlement of accounts, a balance was struck, and it was found that Dutton owed Beatty $1,436.12, for which he gave him a new judgment payable in thirty days, which was entered on January 21, 1884, and also assigned the recognizance to Beatty as collateral security for the payment of the judgment.  The notes were surrendered and the judgment of $1,000 was satisfied on January 28, 1884.  There is no evidence that the recognizance was assigned as collateral in consideration of the giving of time, or that it was contracted between them that said assignment should be made in consideration of the giving of additional time. Neither is there any evidence that Beatty was put in a worse position by the taking of the new judgment and the giving of additional time, and while it is true that it has been held that an extension of time upon the original obligation is sufficient consideration for a promissory note given as collateral security therefor: VanGorder v. Freehold Bank, 7 Atl. Rep. 144; Jones v. Horner, 60 Pa. 214; Bell's Estate, 4 Mont. Co. Rep. 175; Gross' Estate, 6 Pa. C. C. Rep. 478; Hesser v. Steiner, 5 W. & S. 476; Giles v. Ackles, 9 Pa. 147; Arnold v. Stedman, 45 Pa. 186, still in all these cases the extension of time was contracted for.

" Consideration like every other part of a contract must be the result of an agreement." . . . . In other words, in order that an extension of time shall be a good and valuable consideration, it must be contracted for: Pratt's Appeal, 77 Pa. 382; Depeau v. Waddington, 6 Whart. 220; Petrie v. Clark, 11 S. & R. 377.

To constitute the party a purchaser without notice, he must prove independently of the receipt of the deed, the payment of consideration before he had notice of the plaintiff's equity: Coxe v. Sartwell, 21 Pa. 480; Lloyd v. Lynch, 28 Pa. 419.  A creditor taking a chose in action as collateral security for a pre-existing indebtedness is not a purchaser for value, and takes no

more than the debtor owned and can honestly transfer: Ashton's Appeal, 73 Pa. 153; Pratt's Appeal, 77 Pa. 378; Hoopes v. Beale, 90 Pa. 82; Linnard's Appeal, 3 Atl. Rep. 840.

The auditor is therefore of opinion that under the law, Beatty was not a purchaser for value of said recognizance, and therefore took the assignment subject to the equities existing between Dutton and Singleton, and must be postponed to the payment of the Singleton mortgage. As the amount due on the recognizance is not sufficient to pay the mortgage of Singleton, the auditor recommends that a decree of court be made directing that the amount due upon said recognizance be paid to Charles C. Larkin, the holder of the mortgage, and that the costs of the proceeding be paid out of the amount of the said recognizance.

The court overruled exceptions and confirmed the report.

*Errors assigned* were in overruling exceptions to auditor's report.

*Wm. B. Broomall*, for appellant.—In a transaction where collateral is pledged for an antecedent debt and additional time is given for the payment of the debt, all of the circumstances connected with the transaction are proper to be submitted to the jury, so that if they choose they may find that the collateral was assigned in consideration of the giving of time: Petrie v. Clark, 11 S. & R. 377; Depeau v. Waddington, 6 Wharton, 220; Kirkpatrick v. Muirhead, 16 Pa. 117; Lenheim v. Wilmarding, 55 Pa. 73.

An extension of time for the payment of a debt is in itself a good consideration for a new promise to pay: Jones v. Horner, 60 Pa. 214.

An assignment as collateral security for a prior debt does not invest the assignee with the rights of a purchaser for value, but it is different where time is contracted for: Pratt's Appeal, 77 Pa. 378.

An assignee of a judgment who fails to have his interest marked upon the record of the assigned judgment is postponed to a subsequent assignee for a valuable consideration: Fisher v. Knox, 13 Pa. 622; Campbell's App., 29 Pa. 401; Fraley's App., 76 Pa. 42; Bispham's Equity, sec. 171.

*George M. Booth*, for appellee.—The fact that the Beatty judgment and assignment were dated upon the same day is no evidence that the assignment was given in consideration of the additional time upon the old debt: Kirkpatrick v. Muirhead, 16 Pa. 117. Where a party claims as a bona fide purchaser for a valuable consideration, without notice of a trust, he must affirmatively prove the payment of the consideration: Lloyd v. Lynch, 28 Pa. 419. The onus of proving payment of the consideration money is on the purchaser: Bolton v. Johns, 5 Pa. 145. To entitle an assignee of a bond to the protection of a bona fide purchaser for value without notice, he must not only have paid a valuable consideration for the assignment, but it must have been actually paid before notice of the consideration being void: Griffiths v. Sears, 112 Pa. 523. If Dutton assigned the recognizances without consideration, and as security for an antecedent debt, the Beatty estate occupies no better position than their assignor: Smith v. Hogeland, 78 Pa. 252.

The Beatty estate lost nothing in exchanging the overdue promissory note for a judgment; in fact, the transaction was a decided advantage to the estate, and it was as well off after it parted with the notes as before, and consequently was not injured: Taylor's App., 45 Pa. 71; Petrie v. Clark, 11 S. & R. 377; Buck v. Wilson, 113 Pa. 423; Linnard's App., 3 Atl. Rep. 840.

The testimony of Charles C. Larkin was admissible under the recent ruling of Kuhns's Est., 163 Pa. 438.

OPINION BY MR. JUSTICE McCOLLUM, May 27, 1897:

Three questions are raised by the assignments of error. They are (1) whether Larkin was a competent witness to testify to matters occurring between himself and Dutton and Singleton in the lifetime of Beatty, (2) whether the mortgage from Dutton to Singleton on October 31, 1882, operated as an equitable assignment of the former's interest in the recognizance and (3) whether Dutton's assignment to Beatty on January 21, 1884, was subject to the equity of Singleton founded upon the loan and mortgage. Questions 1 and 2 were not discussed on the argument at bar, nor in the appellant's paper-book. From this we might infer an abandonment of the assignments of error which raised them. The auditor held that Larkin was a competent witness, that the

mortgage operated as an equitable assignment of Dutton's interest in the recognizance, and that Dutton's assignment to Beatty was subject to Singleton's equity.   In so holding he was sustained by the court below.   He cited Kuhns's Appeal, 163 Pa. 438, as authority for his ruling upon the first question.   This case appears to sustain the ruling.   As authority for his ruling upon the second question he referred to a number of cases among which we note Hay v. Mayer, 8 Watts, 203, Costen's Appeal, 13 Pa. 292, Horner's Appeal, 56 Pa. 405 and Bailey v. Allegheny National Bank, 104 Pa. 425.   These cases, together with the testimony concerning the transaction of October 31, 1882, make it clear that as between Singleton and Dutton the former was entitled to the latter's interest in the recognizance as security for the loan.   That Larkin now has Singleton's equity with whatever rights he had to enforce it against Dutton or Beatty is also clear.

The third question was the one to which the argument of the appellant was exclusively directed.   In considering it we must not lose sight of the fact that the assignment of the recognizance to Beatty was made as collateral security for a pre-existing debt, and that it was not shown that there was a consideration for it. The appellant, however, contends that inasmuch as the assignment and the bond conditioned for the payment of the debt in one month from the date thereof were executed on the same day, the auditor should have found as a fact that there was an extension of the time for the payment of the debt, and that such extension was the consideration for the assignment.   But this was not a necessary sequence from the facts.   " Consideration like every other part of a contract must be the result of agreement.   The parties must understand and be influenced to the particular action by something of value or convenience and inconvenience recognized by all of them as the moving cause. That which is a mere fortuitous result flowing accidentally from an arrangement, but in no degree prompting the actors to it, is not to be esteemed a legal consideration: " Kirkpatrick v. Muirhead, 16 Pa. 126.   The cases cited by the auditor as bearing upon the question under consideration sustain his conclusion that " in order that an extension of time shall be a good and valid consideration it must be contracted for."   Besides, whether the extension of time was the consideration of the assignment

was a question of fact in determining which the nature of the transaction and the circumstances surrounding it, as well as the extension itself were to be taken into account. The cases cited by the appellant show that where the question arises in an issue before a jury the decision of it rests with them. In the case at bar the auditor as to questions of fact involved in it was in place of the jury, and his findings in regard to them were as conclusive as a verdict. He virtually found that the extension of time was not the consideration of the assignment, and as it was not claimed that there was any other consideration for it he held that it was subject to the equities founded upon the prior assignment to Singleton. In this conclusion we concur.

Decree affirmed and appeal dismissed, the costs to be paid by the appellant.