CHARLES H. BRAWN et al. *vs.* JOHN F. LYFORD.

Somerset.     Opinion December 27, 1907.

*Contracts.   Nudum Pactum.   Non-Performance.   Non-Liability.*

When the voluntary promise of a defendant to perform a gratuitous service is nudum pactum, he cannot be held liable for its non-performance as a breach of contract.

In the case at bar, the defendant conveyed his farm to the plaintiffs and assigned to them his interest in a policy of fire insurance to the extent of the buildings insured, reserving the insurance on the personal property covered by the policy. The defendant did not deliver the deed when it was signed but did so at his home later in the day when he received the purchase price. After the deed and assignment were signed, attention was called to the necessity of having the consent of the insurance company to the assignment and the defendant promised to send the assigned policy by mail to the local agents to obtain the assent of the insurance company. He neglected to do this and seven days later the buildings were wholly destroyed by fire. The plaintiffs then brought a special action of assumpsit against the defendant to recover the amount of the insurance on the buildings, with interest from the date of the fire, for breach of his promise to send the policy to the agents of the insurance company for the assent necessary to the validity of the assignment.

*Held :* That the promise of the defendant to send the policy to the agents of the insurance company for its assent to the assignment was without consideration and that the defendant was not liable for his non-performance as a breach of contract.

On report.   Judgment for defendant.

The defendant conveyed his farm to the plaintiffs and assigned to them his interest in a policy of fire insurance to the extent of the buildings insured, reserving the insurance on the personal property covered by the policy. The defendant did not deliver the deed when it was signed but did so at his home later in the day when he received the purchase price. After the deed and assignment were signed, the attorney who prepared the instruments called attention to the necessity of having the consent of the insurance company to the assignment and the defendant promised to send the assigned policy by mail to the local agents to obtain the assent of the

insurance company. He neglected to do this and seven days later the buildings were struck by lightning and wholly destroyed by the resulting fire.

The plaintiffs then brought a special action of assumpsit against the defendant to recover the amount of the insurance on the buildings, $1350, with interest from the date of the fire, for breach of his promise to send the policy to the agents of the insurance company for the assent necessary to the validity of the assignment. Plea, the general issue with a brief statement alleging "that if any promise was made to the plaintiffs it was without consideration and void."

Tried at the September term, 1906, of the Supreme Judicial Court, Somerset County. At the conclusion of the evidence it was agreed to report the case to the Law Court for decision with the stipulation that the Law Court should render such judgment as the law and the legally admissible evidence require.

(The defendant in the case at bar, had previously brought suit against the insurance company on this same policy and the Law Court held that the company was not liable. See *Lyford* v. *Insurance Co.*, 99 Maine, 273.)

The case appears in the opinion.

*D. D. Stewart*, for plaintiff.

*Norman L. Bassett and F. W. Butler*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, STROUT, PEABODY, KING, JJ.

PEABODY, J. The defendant on the 31st day of August, 1901, conveyed to the plaintiffs his farm in St. Albans in the County of Somerset and State of Maine and assigned to them his interest in a policy of fire insurance to the extent of the buildings insured, reserving the insurance on the personal property covered by the policy.

The policy was to insure $1350 on the buildings and $450 on the personal property for a term of three years, about half of which was unexpired. The premium was $27.

The defendant did not deliver the deed when it was signed but did so at his home later in the day when he received the purchase price.

After the deed and assignment were signed the attorney who prepared the instruments called attention to the necessity of having. the consent of the insurance company to the assignment, and the evidence shows that after conversation on the subject, the defendant promised to send the assigned policy as soon as the deed was delivered, by mail to Parks Brothers, agents, at Pittsfield, Maine to obtain the assent of the insurance company to the assignment, that he neglected to do this, and that on the seventh day of September, the buildings were struck by lightning and wholly destroyed by the resulting fire.

The plaintiffs seek their remedy by a special action of assumpsit to recover of the defendant the amount of the insurance on the buildings, $1350, with interest from September 7th, 1901, for the alleged breach of a promise to send the policy to the agents of the company for assent necessary to the validity of the assignment.

The defendant pleads the general issue with a brief statement denying the alleged consideration and alleging that any promise to send the policy to the insurance agents was without consideration and void, and denying also that not sending the policy was the legal cause of the buildings being uninsured for which he should be held responsible.

The case is before the Law Court on report.

There is some conflict of evidence as to whether in the original trade the $2000, named as consideration in the deed included an assignment of the unexpired term of the insurance on the buildings. The defendant's testimony indicates that the subject came up when the parties met to have the deed drawn, but that of the plaintiffs and their witness, Katen, shows that it was previously agreed that the $2000 was to be paid for the property and insurance. But this is immaterial since the trade as consummated was for the farm and insurance on the buildings.

There is nothing in the nature of the defendant's undertaking to constitute it a part of what was purchased by the plaintiffs. The payment of the consideration and the execution of the deed and assignment embraced the whole transaction. We cannot agree with

the plaintiffs' theory that the promise of the defendant to send the policy to the agents of the company is based upon the pecuniary consideration paid. It was an independent matter. The defendant was under no more obligation to procure the consent of the company to the assignment than to procure the record of the deed. He volunteered to forward the policy by mail to the agents; and he claims that his promise was not legally binding because without consideration. *Thorne et al.* v. *Deus,* 4 Johns. (N. Y.) 84, upon which he relies, was an action on the case for the defendant's neglect to fulfill his promise to procure insurance on a vessel owned jointly by himself and the plaintiff. Chief Justice Kent thus concludes his opinion in which he held that there should be a verdict for the defendant: "A short review of the leading cases will show that by the common law a mandatary who undertakes to do an act for another without reward is not responsible for omitting to do the act and is only responsible when he attempts to do it and does it amiss. In other words, he is responsible for a misfeasance but not for a nonfeasance even though special damages be averred." But it was not decided upon the ground that there was no consideration for the alleged promise as consideration was not an element of that form of the action, but that the defendant had not assumed a legal duty by entering upon the execution of his undertaking. The doctrine of that case was reaffirmed in *Smedes* v. *Bank,* 20 Johns. (N. Y.) 372, although it was an action of assumpsit, but the plaintiff seems to have misconceived his remedy.

New rules have arisen from the development of the action of special assumpsit from an action on the case for deceit into one for the breach of a parol promise. Since the decision in *Rann* v. *Hughes,* 7 T. R. 350, note, a consideration for all promises not under seal has been necessary; and consideration is now generally defined as a benefit to the promisor or a detriment to the promisee.

In this case the promisor's undertaking was not for any antecedent pecuniary consideration or for an anticipated recompense, but the consideration, if any, was detriment to the promisee. If, under the facts of the case, it may be considered that the plaintiffs, on the faith of the defendant's undertaking parted with a present right,

were delayed in the present use of a right or suffered some immediate prejudice, it would be consideration, provided it was so treated by the parties. 5 Cyc. 168 ; Harriman on Contracts, secs. 91 and 96 ; *Fire Insurance Association* v. *Wickham*, 141 U. S. 564 ; Dutton's Estate, 181 Pa. 426 ; *Ames*᾽ v. *Taylor*, 49 Maine, 381.

The defendant claims that the policy remained in his custody, that he retained it because he had an interest under it, and that consequently it cannot be said that the plaintiffs parted with the document, or surrendered any present right or suffered any prejudice on the faith of the defendant's undertaking. But we do not consider that this custody of the policy was inconsistent with the plaintiffs' legal possession. They had a right to it until it was presented to the insurance company for assent to the assignment and they entrusted it to the defendant to do what they otherwise would presumably have done themselves for the protection of their legal rights. By reason of the defendant's assumption the plaintiffs were delayed in the present use of the assigned policy for a purpose recognized as important.

But the consideration of the assumpsit as detriment to the promisee lacks the element of inducement. *Fitch* v. *Snedaker*, 38 N. Y. 248. It is true that a motive might be implied from circumstances, but it clearly appears that the entrusting of the policy to the defendant was not at his solicitation and therefore was not the consideration of the promise but a mere condition precedent to the performance of the promise. Holmes' Common Law, 291 ; *Haigh* v. *Brooks*, 10 Ad. & El. 309 ; *Hart* v. *Miles*, 4 C. B. N. S. 371.

The voluntary promise of the defendant to perform a gratuitous service was nudum pactum and he cannot be held liable for its non performance as a breach of contract.

*Judgment for the defendant.*