THE PRESIDENT, DIRECTORS AND COMPANY OF THE CITY
BANK *vs.* BANGS and others.

Where one of the defendants in a bill of interpleader, by his answer, makes
a claim against the complainant beyond the amount admitted to be due
and paid into court, and which is not claimed by the other defendants, he
will be permitted to proceed at law to establish his right to that part of his
demand, which is not in controversy with the other defendants.

If the defendants, or either of them, deny the allegations in a bill of inter-
pleader, or set up distinct facts in bar of the suit, the complainant must
reply to the answer, and close the proofs in the usual manner, before he
can bring his cause to a hearing.

But where the defendants admit the facts stated in the bill, and on which the
right to file the bill of interpleader rests, and set up no new facts, as
against the complainant, or in bar of his suit, it seems to be sufficient for
him to file a replication, and to set the cause down for a decree to inter-
plead, without waiting until the proofs are taken as between the defend-
ants.

If the cause is ripe for a decision between the defendants, as well as be-
tween them and the complainant, the court settles the conflicting claims
of the parties, and makes a final decree on the first hearing.

Where the suit is not in readiness for a decision as between the defendants,
the court merely decides that the bill is properly filed, and dismisses the
complainant with his costs up to that time ; and directs an action to be
brought, or an issue, or a reference, to ascertain and settle the rights of
the defendants to the fund in controversy.

On a reference to a master to settle the rights of defendants in a bill of in-
terpleader, as between themselves, the court will give them the benefit of a
discovery, as against each other, if they, or either of them, desire it.

| August 29th.    THE City Bank having been robbed of a large sum of mon-
ey, offered a reward of $10,000 for the recovery of the same,
and a proportionate sum for any part thereof. The notice
in which the reward was offered stated the several kinds of
money and bank notes stolen, and *about* the amount of each,
in round numbers. The aggregate of the amounts thus
stated was a little less than $225,000, the real amount of
the loss not having been then ascertained by the officers
of the bank. It was afterwards discovered that the actu-
al loss was $248,764 ; of which sum $185,602 was re-
covered through the agency of the defendants, or some of
them. There being several conflicting claims for the re-
ward, and Bangs, one of the claimants, having sued the

complainants at law to recover the same, a bill of interpleader was filed by the bank. The sum of $7460,97, being the proportion of the reward which the amount recovered bore to the whole amount stolen from the bank, was paid into court, and an injunction was granted without opposition, to restrain the suit at law. The several defendants answered the bill, claiming the amount of the reward which had been paid into court. The defendant Bangs, also claimed the right to a farther sum ; insisting that he was entitled to such proportionate part of the reward offered as the amount recovered bore to the amount of the loss as stated in the notice.

The cause was submitted by consent, without filing a replication to any of the answers ; and upon a written agreement to admit the truth of all the allegations in the complainant's bill.

*W. C. Wetmore*, for the complainants.

*R. Bogardus*, for the defendant Bangs.

*W. Muloch*, for Maria Van Riper.

*W. S. Sears*, for J. & B. J. Hayes & Z. Homan.

THE CHANCELLOR. It seems from the answer of the defendant Bangs, that he claims from the complainants an amount beyond that which is claimed by the other defendants, and which exceeds the amount paid into court. As to that claim there can be no decree that the defendants interplead. And even if this court should put the construction on the bank notice, which is contended for by Bangs, there is not before me any evidence of his right, to enable me to make a decree in his favor against the complainants. I see no other remedy than to permit Bangs to proceed with his suit at law to recover that sum, if he thinks there is any probability of success. If he elects to proceed in that way, the question as to the right to costs, as between him and the complainants, must be reserved until the event of that suit is shown, or until the further order of the court. If within 20 days the defendant Bangs gives written notice of his election

to proceed at law to recover such excess, he must be permitted to go on with his suit there, on his stipulating to abandon, in that suit, all claim to the reward, to the extent of the sum paid into this court. If he does not give notice of such election within the time prescribed, the costs of the complainants are to be paid out of the fund in court; and the injunction is to be made perpetual as against all of the defendants.

As to the fund in court, it is admitted by all parties, that it is a proper case for the defendants to interplead, and settle the matter between themelves; and one of them asks that this may be done by filing a bill for that purpose, and that he may be the complainant therein. As to the mode of proceeding after it is ascertained that a bill of interpleader is properly filed, there does not appear to be any settled practice. In the case of *Manks* v. *Atkinson & Holroyd*, (1 Cowen's R. 696,) the cause was brought to a hearing on bill and answer only; but whether this was done by consent of the parties, or otherwise, does not appear. In the case of *Jones* v. *Gilman and others*, (Cooper's R. 49,) the complainant filed a replication to the answers, and served subpœnas to rejoin; according to the practice as stated in the marginal note in Dickins, (1 Dick. R. 291, n.) It also appears from the English reports that the testimony is sometimes taken, as to the rights of the defendants between themselves, previous to a decree to interplead. (*Beymer* v. *Buchanan*, 1 Cox's Cas. 425. *Duke of Bolton* v. *Williams*, 4 Bro. C. C. 297.) In those cases, and also where the right of one defendant is admitted by the answer of the other, or the bill is taken as confessed as to one, the court settles the rights of the parties at once, and makes a final decree as to those rights, and as to the disposition of the fund in controversy. (*Hodges* v. *Smith*, 1 Cox's Cas. 357.)

Where the defendants, or any of them, deny the allegations in the complainant's bill, or set up distinct facts in bar of his right to file the bill, he must file a replication, give rules to produce witnesses, and close the proofs in the usual manner, before the cause is heard; as the defendants, as well as the complainants, are at liberty to read proofs on those questions at the hearing. (*Statham* v. *Hall*, Turn. & Russ. R.

30.) But if the defendants admit the facts on which the right to file the bill of interpleader rests, and set up no defence, in opposition thereto, which requires the taking of testimony on either side, it seems to be sufficient for the complainant to file a replication to the answers of the defendants, and then to set down the cause for hearing and for a decree that they interplead and settle the matter between themselves, without waiting until the cause is ripe for a decision as between the defendants. In that case the court merely decides that the bill is properly filed, and dismisses the complainant with his costs of the litigation, up to that time, to be paid out of the fund. And to settle the conflicting claims of the defendants, the court directs either an action, an issue, or a reference to a master, as may be best adapted to the circumstances of the case. (*Angel* v. *Hadden*, 16 Ves. jun. 203. 4 Bro. C. C. 309, n.) In this stage of the suit, an issue or a reference will in general be the most cheap and efficacious mode of settling the controversy between the defendants ; and the expense of an action at law, or of an original bill, filed under the direction of this court, can seldom be necessary.

The present case involves so many conflicting claims and questions of partage, that it would be very inconvenient to settle them by awarding issues to be tried by a jury ; and the filing of a bill would produce great and unnecessary delay and expense. I think, therefore, the proper mode of ascertaining and settling the rights of these defendants, is to refer it to a master to examine and report which of them is entitled to the fund which has been deposited in this suit ; and if the master shall be of opinion that any two or more of the defendants are equitably entitled to share in the same, that he also ascertain and report what portion of the fund belongs to each. In this case, also, as many of the facts, on which the claims of the respective parties rest are probably known only to the other defendants, or some of them, either party, previous to the examination of any witnesses before the master, and for the purpose of obtaining a discovery, may present to the master, on oath, a written statement of such claim, and of the facts and circumstances on which it is founded ; which statement all the other defendants shall

answer on oath, to the satisfaction of the master, and with the like effect as if such answer was filed to a bill of discovery: The defendants who have made a joint claim, to join in their statement of such claim. Either party is to be at liberty to take out a summons, and proceed before the master in such manner as the master may direct; and the solicitor of each defendant is to have notice of any proceedings in which a notice of such proceeding is required by the practice of the court. And all questions of costs, as between the defendants, and all other questions and directions are reserved until the coming in of the master's report; but with liberty to either party to apply for such other instructions, or directions to the master, as may be necessary or proper pending the reference.