## Peter Van Vlissingen v. William J. Manning.

1.   REWARDS—*Rule as to Payment Based upon the Principle Appli-
cable to Contracts.*— The rule as to the payment of an offered reward is
based upon the principles applicable to contracts; it being universally
held that if one having knowledge of an offered reward does that for
which the offer is made, by such performance there is a meeting of
minds and a contract made.

2.   SAME—*One Claiming a Reward for Doing a Certain Thing Must
Have Known of Reward.*—In the case of an offered reward for the
doing of a certain thing, the act of one who, knowing of this, performs
the condition, creates a contract; the performance constitutes both
acceptance and fulfillment.

3.   CONTRACTS—*A Mere Offer Does Not Constitute.*—A mere offer
not assented to, does not constitute a contract.

4.   COMMISSIONS—*Person- Procuring Customer in Response to an
Offer of a Broker to Divide His Commission Must Show Acceptance by
Both upon Conditions of Offer.*—Defendant issued a circular setting
forth that he had money to loan and would divide commissions evenly
with parties bringing borrowers.   Plaintiff brought a customer to him
who negotiated a loan.   *Held,* in order to recover the share of commis-
sions offered in the circular, plaintiff must show knowledge by defend-

ant of his expectation to receive a portion of the commission, or notice that he had brought the borrower to defendant because of the circular; and that from the circumstances, defendant, as a reasonable man, should have understood that plaintiff expected commissions to be equally divided.

Assumpsit, for commissions. Appeal from the Superior Court of Cook County; the Hon. GEORGE W. PATTON, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Opinion filed December 30, 1902. Remittitur filed and cause affirmed January 2, 1903.

WILLIAM W. CASE, attorney for appellant.

GEORGE S. COLE, attorney for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

In the spring of 1895 there was issued and sent by appellant, to lawyers, real estate agents and others in Chicago, a printed circular setting forth that appellant had money to loan on first mortgage on improved property and would divide commissions evenly with parties bringing borrowers. Appellee, a lawyer, received one of such circulars and testifies that in reply thereto he wrote to appellant that a Mr. Bishopp wished to obtain a loan of $17,000 or $18,000 on certain improved property. Upon the trial, being asked if there was anything else in the letter that he remembered, it not being produced, he stated that he remembered he gave the location of the property and that Mr. Bishopp valued it at $35,000; that he believed that what he had stated was the substance of the letter. Upon being asked if there was any reference to commissions in the letter, over objection, he stated: "I remember acknowledging receipt of his circulars offering to divide the commissions evenly." This was not a clear statement that he remembered there was anything in the letter about commissions. From other evidence it appears that the date of this letter was April 19th, and the witness on cross-examination stated that in this letter the circular issued by appellant was referred to. To the letter sent by appellee April 19th appellant replied, enclosing an application for a

loan to be signed by Mr. Bishopp. Mr. Bishopp signed the application and appellant procured for him the sum of $16,000, with interest at six per cent per annum, receiving from him as a commission for procuring the loan, $320. It does not appear that any time prior to the actual making of the loan, appellee notified appellant that he would expect one-half the commission paid upon such loan, in any way other than by that which appellee testifies was in the letter sent by him upon the 19th of April, 1895. Shortly after making the loan appellee wrote to appellant demanding $160, being one-half of the commission. To this letter appellant at once replied denying that he owed appellee anything and refusing to pay.

Upon the trial there was read in evidence, without objection, the correspondence which passed between the parties after the loan was made, with respect to the payment of commissions. Among this, a letter dated September 17, 1895, written to appellee by Mr. Watson, who was a clerk in the office of appellant at the time the loan was applied for and made, and who had to do with the transaction. In this letter is contained the following, which, though clearly hearsay, seems to have been admitted without objection:

"I will say further that when I mentioned your name to Mr. Bishop in connection with the loan, that he volunteered the information that you would not expect any part of the commission as you had merely acted as his representative."

Appellant upon the trial was not permitted to introduce in evidence a memorandum made by Mr. Watson the 25th of April, 1895, concerning the loan. Mr. Watson testified as to the making of the memoranda and further that he did not make it with reference to the letter of appellee dated April 19th and that he did not remember the contents of the letter of April 19th.

As before stated, appellee had testified to the contents of such letter as remembered by him. Mr. Watson testified that he wrote the reply of appellant to the letter of appellee dated April 19th and that when he did so he had that

letter before him. After he had stated that he did not remember the contents of the letter of April 19th, he was asked whether or not there was in it any reference to a division of commissions and also whether he remembered if in it there was any reference to a division of commissions. These questions the court refused to permit him to answer. We think the questions proper. While he did not remember and could not state the contents of the letter, he may have been able to state that certain things material to this controversy were not in it, that is, he may have been able to state that there was in it no reference to commissions. It is very frequently the case that a witness may not be able to state the contents of a paper which he has written or read and yet may be able to say that certain things were not in the paper. We do not think that memoranda made by Watson was admissible. It was not made as a record of something then done by the maker or seen or heard by the maker, but as a conclusion to which he or some one else had come as to a division of commissions. And if the position of appellant be well taken, it was not made in respect to a business or transaction with which appellee had anything to do. Appellant testifies that the letter of April 19th, addressed to him by appellee, did not contain anything calling attention to a circular offering to divide commissions.

The court found for the plaintiff and allowed him $160 as commissions, with interest thereon to the time of the trial. The issue presented is not altogether like that of the offering of a reward for arrest of certain parties or the return of lost or stolen property.

Appellant was in the business of procuring, for a commission, loans for parties who applied to him. No one was entitled to any portion of the commission he earned in such business, save by virtue of a special agreement by appellant.

If there were, prior to the making of the loan, nothing putting him upon notice that if a loan was made to Mr. Bishopp as requested by him, appellee would expect that

the commissions therefor would be evenly divided with him, appellant is not liable to appellee for one-half the commissions. The rule as to the payment of offered reward is based upon the principle applicable to contracts; it being universally held that if one having knowledge of an offered reward does that for which the offer is made, by such performance there is a meeting of minds and a contract made. By many courts it is said that if one, without knowledge of an offered reward, do that for which the offer is made, he is entitled to the reward. Vol. 7, 2d Ed. Am. & Eng. Ency. of Law, 137.

The question in this case in this regard is whether appellant had, prior to the making of the loan, notice that appellee expected that commissions would be equally divided with him. We do not wish to be understood that such notice must have been in clear and unequivocable terms. It is sufficient if the circumstances surrounding the transaction were such that a reasonable man in the position that appellee was, would have inferred therefrom that appellee expected that commissions would be equally divided with him. C. & A. Ry. Co. v. Sebring, 16 Ill. App. 181, 6th Ed. Parsons on Contracts, Vol. 1, page 74.

In the case of Babcock v. Henry J. Raymond and others, 2 Hilton, 61, there had been issued by the New York Daily Times, the following :

" Notice to correspondents : Voluntary correspondence, containing important news from all quarters of the world, is solicited; if used, it will be liberally paid for."

The plaintiff, Babcock, sent to the Times a communication containing political news thought by the publishers of the paper to be of importance enough to justify its publication and it was published. In a letter accompanying this news, the plaintiff asked the defendants if it was not liked to return, that he might get a market for it elsewhere, thus as the court say, " plainly informed them that it was intended for sale, and if they used it he was to be paid what it was reasonably worth." Upon this state of facts judgment was given the plaintiff for what the evidence showed the article to be worth.

A mere offer, not assented to, does not constitute a contract. McKinley v. Watkins, 13 Ill. 140; Olney v. Home, 89 Ill. 556; Minnesota Lumber Co. v. Whitebreast Coal Co., 56 Ill. App. 248.

In the case of an offered reward for the doing of a certain thing, the act of one who, knowing of this, performs the condition, creates a contract; the performance constitutes both acceptance and fulfillment.

In the case at bar, the mere bringing of one who desired to borrow would not have been a performance of the condition; to this there was necessary that the would-be borrower be accepted, make a loan through appellant and he become entitled to commissions.

Following the act of appellee it was necessary that there be action as an assent upon the part of appellant. It would have been no breach of the terms of his proposal if he had refused to make any loan to the would-be borrower sent by appellee. It is therefore essential to the validity of appellee's claim for commissions that appellant should, before his action and assent, have had reasonable notice of the expectations of appellee.

In saying this we leave out of consideration the effect of bad faith; a subterfuge upon the part of one sending such a circular, by which he appears to have made no loan or received no commissions, while in reality he does both; there being nothing of the kind in this case.

Interest was not allowable upon the claim of appellee. It is not claimed that there was an unreasonable and vexatious delay of payment, but that there is money due to appellee on an instrument in writing. In other words, upon the circular issued by appellant.

The circular, by itself, did not give appellee any right to receive commissions. His right to receive commission thereunder, depended not only upon his procuring and tendering to appellant a person who wished to obtain a loan, but also upon the conclusion to which appellant might come as to making a loan to such applicant, and, as has been said, upon appellant's having, prior to the making

of the loan, such notice of the expectation of appellee that he would receive a portion of the commission, or notice that he had brought the borrower to appellant because of the circular; and that from the circumstances, appellant, as a reasonable man, should have understood that appellee expected commissions to be equally divided. A person can not be held to have entered into a contract concerning which he had not reasonable notice one was contemplated.

Applying this rule to the evidence in this case, we are of the opinion it appears therefrom, that appellant had, under the circumstances, reasonable notice that appellee in response to his, appellant's, circular, had sent his client to obtain a loan and expected that the commissions therefor would be divided. Even if the letter sent by appellee contained no reference to commission, appellant ought, as a reasonable man, to have understood that appellee, a lawyer, entering upon the business of procuring a loan for his client, expected to be paid therefor and that the client was before appellant because of his circular. We do not think that the error pointed out affected the conclusion arrived at as to the issue of fact, nor that the judgment should therefore be reversed.

If appellee shall within ten days remit from the judgment, $40, the amount of interest allowed, the judgment will be affirmed as of its date, for $160, otherwise the judgment will be reversed and the cause remanded.

Appellant will recover costs in this court.