(104 N. W. 515.)

---

LUTHER A. COUCH v. STATE OF NORTH DAKOTA, M. M. WEEKS, INTERVENER, AND ROBERT COTTON, INTERVENER.

Opinion filed June 13, 1905.

**Actions Triable by a Jury Are No Longer Reviewable Under Section 5630, Rev. Codes 1899.**

1. Since the amendment of section 5630, Rev. Codes 1899, by chapter 201, p. 277, Laws 1903, actions which are properly triable by a jury are no longer triable in the district court or reviewable upon appeal under that section.

**An Action to Recover a Reward Is an Action at Law — Intervention Does Not Convert It Into an Equitable Action.**

2. An action to recover a reward is an action at law, triable to a jury. Such an action is not changed to one of equitable cognizance by the fact that other claimants have been permitted to intervene under section 5239, Rev. Codes 1899, and assert their claims to the same reward. The rule is otherwise when a defendant against whom there are other claimants for the same debt interpleads such claimants, and secures his own discharge, and pays the money into court, pursuant to section 5240, Rev. Codes 1899.

**Recovery of Reward.**

3. To entitle one to recover a reward, he must show a rendition of the services required in the offer after knowledge of, and with a view of obtaining, the reward.

**Same — Findings.**

4. The state offered a reward of $300 "for the arrest or information leading to arrest" of one James Smith, who escaped from jail where he was held upon a charge of murder. There were three claimants for the reward. The trial judge rendered judgment in favor of

each for $100. Each claimant alleged in his complaint that he relied upon the offer of reward, which allegation was denied by the state's answer. The findings are silent upon the issue. *Held,* that the findings do not support the judgment.

Appeal from District Court, Burleigh county; *Winchester, J.*

Action by Luther A. Couch against the state of North Dakota. M. M. Weeks and Robert Cotton intervened. From the judgment Couch appeals.

Reversed.

*Newton & Dullam,* for appellant.

If one makes an offer to another or to all persons in general, and another goes forward and does the thing, the latter accepts the offer and the person who made it must pay or do what he proposed. Bishop on Contracts, section 330; Reif v. Paige, 55 Wis. 496, 42 Am. Rep. 731; Springer v. Cooper, 11 Bald. 267.

A common case is that of reward for an arrest. Bishop on Contracts, 331; Hugill v. Kinney, 9 Ore. 250; Janvrin v. Exter, 48 N. H. 83; Davis v. Munson, 43 Vt. 676; Thatcher v. England, 3 C. B. 254; Loring v. Boston, 7 Met. 409; Tarner v. Walker, Law Rep. 2 Q. B. 3; England v. Davidson, 11 A. & E. 856; Shuey v. United States, 92 U. S. 73, 23 L. Ed. 697.

An advertisement is a proposal which is accepted by performance of the conditions. Spencer v. Harding, L. R. 5 C. P. 563, 3 Am. & Eng. Enc. Law (1st Ed.) 843.

The act must be done not only with knowledge of, but with intent to accept, the offer. Hewitt v. Anderson, 56 Cal. 476, 38 Am. Rep. 65.

One cannot assent without knowledge of the offer. Howland v. Lounds, 51 N. Y. 604, 10 Am. Rep. 654; Fitch v. Snedaker, 38 N. Y. 248, 97 Am. Dec. 791; Stamper v. Temple, 6 Humph. (Tenn.) 113, 44 Am. Dec. 296; Lee v. Flemingsburg, 7 Dana (Ky.) 28.

It does not appear that Weeks, intervener, knew of the offer or made the arrest with the intention of accepting it. Warner v. Grace, 14 Minn. 364; Williams v. West Chicago St. Ry. Co., 191 Ill. 610, 61 N. E. 456, 85 Am. St. Rep. 278; Van Vlissingon v. Manning, 105 Ill. App. 255; Howland v. Lounds, 51 N. Y. 604, 10 Am. Rep. 654.

The court may not divide reward. Williams v. West Chicago St. Ry. Co., 191 Ill, 610, 61 N. E. 456, 85 Am. St. Rep. 278; Swanton v. Ost, 74 Ill. App. 281.

The officer whose duty it is to make an arrest cannot claim a reward. Lees v. Colgan, 40 L. R. A. 355; People v. Boston, 5 Cush. 219; Warner v. Grace, 14 Minn. 387; Day v. Putnam Ins. Co., 16 Minn. 408; Gilman v. Lewis, 15 Ohio, 281; Hayden v. Langre, 56 Ind. 42, 26 Am. Rep. 1.

This is a code proceeding upon a bill of interpleader and is reviewable under section 5630, Rev. Codes 1899. Clark v. Mosier, 107 N. Y. 118, 14 N. E. 96, 1 Am St. Rep. 798; Pres., etc., City Bank v. Bangs et al., 2 Paige Ch. 570, L. Ed. B., 2 P. 1033, and note; 11 Am. & Eng. Enc. Law, 494; 11 Enc. Pl. & Pr. 444; Kohn v. McNulta, 147 U. S. 288, 13 Sup. Ct. Rep. 298.

*F. H. Register,* for respondent Cotton.

No specifications being embodied in the statement of the case and the action being properly triable to a jury, neither errors of law occurring at the trial nor the sufficiency of the evidence to sustain the findings should be considered by this court. Barnum v. Gorham Land Co., 13 N. D. 359, 100 N. W. 1079.

All who participate in the compliance with the offer of reward are entitled to a share. Kinn v. First National Bank, 118 Wis. 537, 95 N. W. 969, 99 Am. St. Rep. 1012.

YOUNG, J. The plaintiff brought this action to recover from the state the sum of $300, the amount of a reward offered by the governor of the state "for the arrest or information leading to the arrest" of one James Smith, also known as Jacob Bassanella, who escaped from the county jail of McLean county, where he was held for the murder of Anton Helinger. Smith was recaptured, tried, convicted and executed. There are three claimants for the reward. The plaintiff, Couch, attached a copy of the governor's proclamation to his complaint, and alleged that, relying upon the promise contained therein, he furnished the information which led to Smith's arrest and his return to the sheriff of McLean county. The state filed an answer which admits all of the allegations of the plaintiff's complaint essential to his recovery, except the allegation above stated, which allegation was denied. The answer alleged that one Robert Cotton, a deputy sheriff of McLean county, and one Lieut. Weeks, of the United States army, have

made application to the state for the same reward, and have each filed a complaint in intervention in this action, setting forth their respective claims for such reward. The record shows that Cotton and Weeks obtained leave to intervene under section 5239, Rev. Codes 1899, upon the ground that each had an interest in the matter in litigation adverse to the plaintiff and the state and to each other. The complaint of intervener Cotton alleges that, relying upon the proclamation, he furnished the information which led to Smith's arrest. The complaint of Weeks alleges that, relying upon the proclamation, he arrested Smith and delivered him into the custody of a deputy sheriff of McLean county. Each of the claimants prays judgment for $300, the full amount of the reward. The record contains no separate answers by the state to the complainants in intervention. Its answer to the plaintiff's complaint was apparently treated as an answer to all three complaints, and such answer, as already seen, denied the rendition of the service authorizing a recovery. The trial was to the court without a jury. In addition to the facts as to which there is no dispute, the trial court found "that the plaintiff, Luther A. Couch, and the intervener Robert Cotton each furnished information which led up to the arrest of the said James Smith * * * at Ft. Yates, North Dakota; that the intervener M. M. Weeks arrested said James Smith * * * at Ft. Yates by means of information furnished to and derived by him from plaintiff, Luther A. Couch, and the intervener Robert Cotton; that after making said arrest he delivered the said James Smith to a deputy sheriff of McLean county." As conclusions of law, the court found "that the plaintiff and each of the interveners are each entitled to one-third of the reward, to wit, one hundred dollars each." The plaintiff has appealed from the judgment rendered in pursuance of such findings, and demands a review of the entire case in this court, under section 5630, Rev. Codes, and for that purpose has caused a statement of case to be settled, which contains all of the evidence offered and proceedings had at the trial, including a demand for retrial.

Counsel for appellant, Couch, contends that a review of the evidence will show that intervener Cotton did not furnish the information or any information which caused Smith's arrest, but that same was furnished exclusively by the plaintiff to the state's attorney of McLean county, and in reliance upon the reward; that intervener Weeks, in making the arrest, acted at the request of the state's attorney, and without knowledge of or reliance upon

the offer of reward—and, upon this state of facts, contend that the plaintiff is entitled to the entire reward.

We are met at the outset by an objection on the part of the respondents that the case cannot be tried de novo in this court, for the reason that the action is at law to recover money only, and, as such, is properly triable to a jury, and is therefore not governed by section 5630, as amended in 1903. The objection is sound, and precludes a review of the evidence. Since the amendment of section 5630 by chapter 201, p. 277, Laws 1903, such actions, even when a jury is waived, are not triable in the district court, or reviewable upon appeal in this court, under the provisions of that section. See Barnum v. Gorham Land Co. (N. D.) 100 N. W. 1079. Counsel for appellant concede that the action was not originally triable under section 5630, but contend that the character of the action was changed to one of equity cognizance before the trial. It is said that the state admitted its liability, and merely asked the court to determine which of the claimants it should pay, and that the case stood in the same position as though the claimants had been brought into court under what was formerly known as a "bill of interpleader." The record does not sustain the statement as to the state's attitude or the procedure adopted. The remedy formerly obtained through a bill of interpleader is now obtained through the simpler method provided in section 5240, Rev. Codes 1899, which reads as follows: "A defendant against whom an action is pending upon a contract, or for specific, real or personal property, may, at any time before answer upon affidavit that a person not a party to the action and without collusion with him makes against him a demand for the same debt or property, upon due notice to such person and the adverse party, apply to the court for an order to substitute such person in his place and discharge him from liability to either party on his depositing in court the amount of the debt, or delivering the property or its value to such person as the court may direct, and the court may in its discretion make the order." Under this section a defendant against whom demands are made for the same debt as that sued upon may cause the substitution of the claimants and his own discharge upon complying with its provisions, which include the deposit of the amount of the debt in court. When this is done, the only issue remaining is between the several claimants as to the right to the money or property so deposited. It is held that "an action at law becomes one in equity by interpleading proceedings, and neither

party is entitled to a jury as a matter of right." It is so held under the New York statute, from which section 5240, supra, seems to have been taken. Bank v. Bangs, 2 Paige, 570; Dinley v. McCullagh (Sup.) 36 N. Y. Supp. 1007; Windecker v. Mutual Ins. Co. (Sup.) 43 N. Y. Supp. 358; Clark v. Mosher, 107 N. Y. 118, 14 N. E. 96, 1 Am. St. Rep. 798. The record shows no attempt whatever on the part of the state to bring itself under this section. This appears from the statement previously made. Instead of paying the amount of the reward into court, and applying for and securing its discharge from the action, and the substitution of the other claimants in its place, before answer, it answered and denied the right of claimants to recover, and the case went to trial with the state as the sole litigating defendant. Upon this state of the record, it cannot be said that the character of the action was changed to one of equity cognizance. The case cannot, therefore, be retried under section 5630, and stands for review in this court only upon the judgment roll proper.

The only question for consideration, then, is whether the findings of fact sustain the conclusions of law and judgment. The answer to the question presents one of the principal grounds of error argued by counsel for appellant. It is urged that it does not appear that Weeks had knowledge of the offer of reward, and relied upon such offer when he made the arrest. If this fact is vital to his right of recovery—and we are agreed that it is—the judgment in his favor must be reversed. There is no finding upon this issue, and the same fatal defect exists as to the other claimants, including the plaintiff. Each claimant, in his complaint, alleged that he relied upon the offer of reward in rendering the service which he claims entitles him to recover it. The findings are entirely silent upon this issue. The trial court merely found that the plaintiff and intervener Cotton gave the information which led to the arrest, and that intervener Weeks, acting upon this information, made the arrest. These facts do not establish a right of recovery in any of the claimants. To entitle one to a reward, he must show a rendition of the services required in the offer after knowledge of, and with a view of obtaining, such reward. The rule relating to contracts applies to such a case. An offer cannot become a contract unless acted upon or assented to. Howland v. Lounds, 51 N. Y. 604, 10 Am. Rep. 654; Bank v. Bangs, 2 Paige, 570; Fitch v. Snedaker, 38 N. Y. 248, 97 Am. Dec. 791; Mayor v. Bailey, 36 N. J. Law, 490; Hewitt v. Anderson, 56 Cal.

476, 38 Am. Rep. 65; Stamper v. Temple, 6 Humph, 113, 44 Am. Dec. 296; C. & A. Ry. v. Sebring, 16 Ill. App. 181; Burke v. Wells, Fargo & Co., 50 Cal. 218; Van Vlissingen v. Manning, 105 Ill. App. 255; Williams v. West Chicago St. Ry. Co. (Ill.) 61 N. E. 456, 85 Am. St. Rep. 278. In 1 Wharton on Contracts, section 24, it is said that "until the performance of its condition the offer is a mere proposal, but when the condition is performed by an ascertained person the contract is complete. There can, however, be no recovery except by the party who had notice of the proposal when he rendered the service. If there could, we would have a contract without two contracting parties. The proposer must make the proposal known before the acceptor undertakes to perform the condition, and the acceptor must have the reward in view at the time he renders the service on which he claims." Some courts have held that knowledge of and reliance upon the offer are not necessary. See Russell v. Stewart, 44 Vt. 170; Auditor v. Ballard, 9 Bush. 572, 15 Am. Rep. 728; Eagle v. Smith, 4 Houst. 293; Everman v. Hyman, 26 Ind. App. 165, 28 N. E. 1022, 84 Am. St. Rep. 284. The weight of authority and reason, however, is as above stated. It is clear, from an application of the rule just stated, that if the plaintiff, and not Cotton, furnished the state's attorney of McLean county the information which led to Smith's arrest, and this was done in reliance upon the offer of reward, and the arrest of Weeks was made under the direction of the state's attorney, and without knowledge of or reliance upon the offer of reward, as the plaintiff contends, the latter is entitled to the full amount of the reward, for in that event he alone has performed the condition which completed the contract with the state. These facts, however, do not appear in the findings, and, for reasons already stated, we cannot review the evidence. The findings do not show a right of recovery in any of these claimants.

The judgment must therefore be reversed, and a new trial ordered. All concur.