### NATIONAL BANK OF COMMERCE v. IRWIN et al.

(Supreme Court, Special Term, New York County. December 28, 1905.)

DEPOSITIONS—ORDERS FOR COMMISSION—WHEN GRANTED—CAUSES AT ISSUE.
    Under Code Civ. Proc. § 521, providing that where the judgment may determine the rights of defendants as between themselves, a defendant, to require such determination, must demand it in his answer, and must serve a copy of his answer on each of the defendants to be affected by the determination, defendants in an action of interpleader, who interpose answers setting up their respective claims against the common fund, and serve such answers upon one another, and one of whom serves notice of trial stating that judgment will be asked for against the others, thereby join issue as between themselves in such sense as to authorize the granting of a commission to take testimony.
    [Ed. Note.—For cases in point, see vol. 29, Cent. Dig. Interpleader, §§ 54, 55.]

Action of interpleader by the National Bank of Commerce in New York against William W. Irwin and others, as receivers of the Canton State Bank, and Mitchell L. Erlanger. On motion by defendant Irwin for an open commission to take testimony. Granted.

Paul E. De Tere, for defendant Irwin.
Philbin, Beekman & Menken, for defendants Canton State Bank and Henry A. Wise and James G. Barbour as receivers of said bank.
Sherman & Sterling, for defendant Frederick N. Gilbert.

GREENBAUM, J. It is undoubtedly true that the issue between the plaintiff and the defendants in an action of interpleader is whether or not the plaintiff is entitled to a judgment of interpleader, and that upon the trial of that issue the judgment of the court will be either a dismissal of the bill, or that the plaintiff have judgment as prayed for, and the parties defendant be required to join issue between themselves. City Bank v. Bangs, 2 Paige, 570, 573; Republican Fire Ins. Co. v. Keogh, 23 Hun, 644. In this case, however, the parties

defendant have seen fit to interpose answers and to serve them upon one another, and by such answers have virtually and in fact set up their respective claims against the common fund in possession of the plaintiff as against the claims of the other defendants. The defendant receiver, who opposes the motion for a commission on the ground that issue has not been joined, has not only interposed an answer as above indicated, but has served a notice of trial, stating, among other things, that "judgment will be asked for against the other defendants." In effect, the parties have elected to serve answers upon one another, pursuant to section 521 of the Code of Civil Procedure, so that when the cause is called for trial the court would be in a position to decree judgment in favor of plaintiff, and then proceed to try the issues created by the answers of the defendants as to their respective rights in the fund which is the subject of the interpleader.

By this practice it would become unnecessary to direct issues to be made between the defendants, as they have already been made. Under the circumstances, I deem the action at issue as between the defendants, and allow the motion for a commission.

Settle order on notice.